UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81992-CIV-MARRA

BRANDON LEIDEL, individually and on
behalf of all others similarly situated, and
JAMES D. SALLAH, ESQ. as receiver/
corporate monitor of Project Investors, Inc.,
d/b/a Cryptsy,

Plaintiffs,

vs.

COINBASE, INC., a Delaware corporation
d/b/a GLOBAL DIGITAL ASSET EXCHANGE
(GDAX),

Defendant.
_____/

# ORDER[1]

This cause is before the Court upon Defendant's Motion to Stay Litigation Pending Appeal (DE 38).  The Court has carefully considered the Motion, the Response and the Reply, and is otherwise fully advised in the premises.

Defendant moves for a stay pending resolution of its appeal from the order denying Defendant's motion to compel arbitration.  (DE 36.)  Plaintiff opposes this request, claiming that the appeal is frivolous.

The parties agree that this matter is governed by Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249 (11th Cir. 2004).  That case states that "[w]hen a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." Id.

---

[1] The Court presumes familiarity with its prior Orders.

at 1253.

After careful review, the Court finds that a stay pending appeal is appropriate. In moving to compel arbitration, Defendant proceeded under the theory of equitable estoppel. The Court rejected this theory, relying on Seth v. Rajagopalan, No. 12-Civ-61040, 2013 WL 11927712 (S.D. Fla. Jan. 25, 2013). There, a defendant moved to compel arbitration against the plaintiff when there was an agreement to arbitrate among all the defendants, but the plaintiff was not a party to that agreement. Id. at * 2. That court rejected the assertion that the plaintiff was equitably estopped from avoiding arbitration where the plaintiff's case did not hinge entirely on the agreement containing the arbitration clause, the plaintiff was not seeking damages in accordance with the agreement containing the arbitration clause and the plaintiff did not directly benefit from the agreement. Id. at * 8. Significantly, even though the Seth court rejected the defendant's arguments to compel arbitration, the Seth court did grant the defendant's motion to stay pending appeal.

Under the Blinco standard, the Court finds that the appeal is not frivolous and that judicial resources are best spent by allowing Defendant to pursue its appeal, as opposed to proceeding in case where a pending appeal concerns a party's right not to litigate the dispute at all. Seth v. Rajagopalan, No. 12-Civ-61040, 2013 WL 11927709, at * 1 (S.D. Fla. Mar. 5, 2013) (citing Blinco, 366 F.3d at 1251-52).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows

1) Defendant's Motion to Stay Litigation Pending Appeal (DE 38) is **GRANTED.**

2) All proceedings in this case are **STAYED** pending resolution of the interlocutory appeal.

3) All pending motions are **DENIED WITHOUT PREJUDICE** to being re-filed, if appropriate, upon the case being reopened.

4) The Clerk shall **ADMINISTRATIVELY CLOSE** the case.

5) Either party may seek to reopen the case at the appropriate time.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of July, 2017.

_____
KENNETH A. MARRA
United States District Judge