UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-81992-CIV-Marra/Matthewman

BRANDON LEIDEL, individually
and on behalf of All Others Similarly Situated,

    Plaintiff,

vs.

COINBASE, INC., a Delaware corporation
d/b/a Global Digital Asset Exchange (GDAX),

    Defendant.
_____/



# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION TO COMPEL [DEs 63, 65]

**THIS CAUSE** is before the Court upon Plaintiff, Brandon Leidel's Amended Motion to Compel Defendant to Provide Full and Complete Responses to Plaintiffs' Second Request for Production ("Motion") [DEs 63, 65]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 26. Defendant, Coinbase, Inc. ("Defendant"), has filed a response [DE 66], Plaintiff filed a reply [DE 68], and the parties filed a Joint Notice [DE 71] as required by the Court. The Court held a hearing on the Motion on April 9, 2019. The matter is now ripe for review.[1]

## I.    BACKGROUND

Prior to the scheduled court hearing, and after further personal conferral as ordered by the Court, the parties resolved the majority of the discovery disputes on their own. *See* DE 71. At the

---

[1] The Court notes that it orally announced its ruling at the April 9, 2019 hearing. This written Order is being issued to further explain the Court's decision and rationale.

1

time of the April 9, 2019 hearing, only Plaintiff's Requests for Production #6-10 remained at issue.

## II. REQUESTS FOR PRODUCTION #6-9

Plaintiff's Request for Production #6 seeks the following:

> [t]ransaction reports and screen displays that show on a monthly, quarterly, and annual basis, for the Vernon Account, Cryptsy Account, and Mintsy Account, the total amount of BTC and USD bought, sold, transacted, received and sent, the beginning and ending balance for each such period, and any other account metrics available in Coinbase's admin tools.

[DE 65-3]. Plaintiff's Request for Production #7 seeks the following:

> [t]ransaction reports and screen displays that show on a monthly, quarterly, and annual basis, for each wallet in the Vernon Account, Cryptsy Account, and Mintsy Account, the total amount of BTC and USD bought, sold, transacted, received and sent, the beginning and ending balance for each such period, and any other account metrics available in Coinbase's admin tools.

[DE 65-3]. Plaintiff's Request for Production #8 seeks the following:

> [t]ransaction reports and screen displays that show on a monthly, quarterly, and annual basis, for the Vernon Account, Cryptsy Account, and Mintsy Account all referral bonuses paid to Vernon, Cryptsy and Mintsy, the amount of such bonuses, and the reason for which such bonuses were paid.

[DE 65-3]. Plaintiff's Request for Production #9 seeks the following:

> [a]ll transaction reports and screen displays that show on a monthly, quarterly, and annual basis, for the Vernon Account, Cryptsy Account, and Mintsy Account, the type and amount of fees charged to and paid by the Vernon Account, Cryptsy Account, and Mintsy Account.

[DE 65-3].

With regard to Requests for Production #6-9, Defendant argued that, as a threshold matter, Federal Rule of Civil Procedure 34 does not require it to create new documents—the reports sought by Plaintiff—when those reports are not created in the ordinary course of business and Defendant has already produced to Plaintiff the underlying data. Defendant argued that the cases in which courts have required the party responding to discovery to run reports not created in the

2

ordinary course of business are cases in which the underlying data had not been provided, and there was no other way for the moving party to obtain the information sought. Plaintiff, on the other hand, asserted that the primary remaining discovery issue is whether or not running the reports would be overly burdensome to Defendant. Plaintiff further argued that, since he is now seeking only eight "exemplar" reports, and Plaintiff's own declaration states that it would take one to three minutes to run each report, Defendant cannot make any real burdensomeness argument.

The Court has carefully reviewed the case law relied on by Plaintiff and Defendant and has conducted its own independent research. Some courts in the Eleventh Circuit have ruled that a party is not required to create new documents under Rule 34. *See, e.g., Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-CIV, 2009 WL 291160, at *3 (S.D. Fla. Feb. 5, 2009); *Nazer v. Five Bucks Drinkery LLC*, No. 8:16-CV-2259-T-36JSS, 2018 WL 1583640, at *2 (M.D. Fla. Apr. 2, 2018). However, some courts outside of this Circuit have found a distinction between creating new documents and "requiring a party to query an existing database to produce reports for opposing parties." *Mervyn v. Atlas Van Lines, Inc.*, No. 13 C 3587, 2015 WL 12826474, at *6 (N.D. Ill. Oct. 23, 2015) (citing *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK (PSG), 2013 WL 4426512, at *3 (N.D. Cal. Aug. 14, 2013)). When courts do require the production of such reports, they consider the burdensomeness entailed in preparing the reports. *Id.* The Eleventh Circuit does not appear to have definitively determined the issue of whether parties can or should be required to produce reports that are requested by the opposing parties, are readily available and easily produced, and are based upon relevant documents or information that are kept in the ordinary course of business, but which reports are not prepared in the ordinary course of business.

Under the unique facts of this case, the Court does not view Plaintiff's requests for production as requiring Defendant to create "new documents." Rather, the Court views the

requests as an effort to expediently and economically obtain from Defendant certain "exemplar" reports about relevant data in Defendant's possession, which "exemplar" reports are easily and readily available to Defendant. The Court is not placing any extensive or undue burden on Defendant, but rather is attempting to assist the parties in cooperating and collaborating with each other to move the discovery portion of this case forward. This meets the goal of Federal Rule of Civil Procedure 1 to ensure the just, speedy, and inexpensive determination of every action, and the goal of Rule 26(b)(1), which requires the production of relevant and proportional discovery.

As stated in *Mervyn, supra*, "requiring a party to query an existing database to produce reports for opposing parties is *not* the same as requiring the creation of a new document." 2015 WL 12826474, at *6 (citing *Apple Inc.*, 2013 WL 4426512, at *3) ("While this court has held that a party should not be required to create completely new documents, that is not the same as requiring a party to query an existing dynamic database for relevant information."). Given the facts of this specific case, the Court will require Defendant to produce an August 2014 monthly report and a 2014 annual report responsive to Requests for Production #6, 7, 8, and 9, for a total of eight "exemplar" reports.

There is no dispute that the documents underlying such reports are relevant. Furthermore, this is a case involving a great deal of data that Defendant has produced to Plaintiff in an Excel spreadsheet. It is not completely clear whether Plaintiff actually has the ability to create the reports he seeks in Request for Production #6-9 from the raw data that has already been produced by Defendant. The production by Defendant of the "exemplar" reports will allow Plaintiff to better determine whether he can, in fact, create his own further reports from the data produced by Defendant. Furthermore, it is undisputed that Defendant's computer system has the ability to quickly and easily prepare the reports from the relevant data. As stated in open court, after

Defendant produces the eight "exemplar" reports, the parties shall confer on the issue of whether any additional discovery in this regard is necessary and appropriate under the relevant rules and case law.

### III. REQUEST FOR PRODUCTION #10

Plaintiff's Request for Production #10 seeks the following:

> [a]ll transaction reports and screen displays that show, on a monthly, quarterly, and annual basis, for the Vernon Account, Cryptsy Account, and Mintsy Account, how such accounts ranked and compared to other Coinbase accounts in terms of gross revenue, net revenue, revenue by type, revenue by class, and any other metric used by Coinbase to measure and compare the profitability of and/or revenue received by Coinbase customers.

[DE 65-3].

With regard to Request for Production #10, Defendant argued that it did not have the information sought readily available and that it would be extraordinarily burdensome to obtain the information. Defendant also argued that Plaintiff already has in his possession a multitude of discovery establishing that Cryptsy was a high-volume client of Defendant, which is the very fact that Plaintiff is trying to prove. Plaintiff asserted that Defendant did not meet its burden of establishing burdensomeness in the declarations attached to Defendant's response to the Motion.

The Court will not compel Defendant to compel any additional information responsive to Request for Production #10 at this juncture. First, Defendant did establish burdensomeness at the April 9, 2019 discovery hearing. Under the facts of this case, the Court will accept the representations of defense counsel, who is an officer of the court. Second, the parties are still in the process of completing depositions, so Plaintiff's motion to compel may become unnecessary as to Request for Production #10 since Plaintiff will be permitted to obtain testimony from additional witnesses. If Plaintiff has a good-faith basis to renew his motion to compel as to Request for

5

Production #10 in the future, after additional depositions are completed, he may do so.

## IV. CONCLUSION

Upon careful review of the Motion, response, reply, Joint Notice, relevant case law, counsel's arguments at the discovery hearing, and the entire docket in this case, and as stated in open court, it is hereby **ORDERED** as follows:

1. Plaintiff's Amended Motion to Compel Defendant to Provide Full and Complete Responses to Plaintiffs' Second Request for Production [DEs 63, 65] is **GRANTED IN PART AND DENIED IN PART**.

2. The parties are required to abide by all of their agreements detailed in the April 4, 2019 Joint Notice [DE 71].

3. Plaintiff's Motion is GRANTED to the extent that, on or before **April 16, 2019**, Defendant shall produce eight "exemplar" reports, which includes two reports responsive to Request for Production #6, two reports responsive to Request for Production #7, two reports responsive to Request for Production #8, and two reports responsive to Request for Production #9. For each of these requests for production, one report shall be an annual report for the calendar year of 2014, and one report shall be a monthly report for August 2014. After Defendant has produced the eight "exemplar" reports, the parties shall confer as to whether any additional reports are necessary and appropriate under the relevant case law.

4. Plaintiff's Motion is DENIED without prejudice as to Request for Production #10.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of April, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge