UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:16-cv-81992-MARRA**

BRANDON LEIDEL, individually,
and on behalf of All Others Similarly Situated,

    Plaintiff,

v.

COINBASE, INC., a Delaware corporation
d/b/a Global Digital Asset Exchange (GDAX),

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
TO PROHIBIT DEFENDANT FROM COMMUNICATING WITH
OR SEEKING DISCVOERY FROM ABSENT CLASS MEMBERS**

Plaintiff, Brandon Leidel, individually and on behalf of all other persons similarly situated (collectively, "Plaintiffs"), and pursuant to Rule 26(c)(A)-(D), Fed.R.Civ.P., hereby files this Motion to Prohibit Defendant from Communicating with Class Members or Seeking Discovery from Absent Class Members and states as follows:

1. Defendant has served discovery on Plaintiff, as well as the Receiver and his counsel, that seek all communications that Plaintiff's counsel and the Receiver received from all Class Members, and all documents related to all Claims made by Class Members in the class action settlement from the matter styled *Brandon Leidel v. Project Investors*, United States District Court - Southern District of Florida, Case No.: 9:16-cv-80060 (the "Cryptsy Matter"). *See* Defendant's First Request for Production to Plaintiff at ¶¶52, 55, 56 attached hereto as Exhibit A, and Defendant's Subpoenas Duces Tecum to James Sallah at ¶¶24-26, Robert Carey at ¶¶24-26, and Patrick Paige at ¶¶24-26 attached hereto as Composite Exhibit B.[1] The Class in the instant case is the same Class as in the Cryptsy Matter.

2. Plaintiff agrees that discovery about the number of class members, the claims they made in the Cryptsy Matter, and the materials each Class Members submitted to support their claims, is discoverable. However, there is no basis for Defendant to communicate with or seek to obtain discovery from absent class members.

3. Plaintiff agreed to produce information about claims made by class members provided that Defendant would agree to refrain from attempting to communicate with or obtain discovery from class members. *See* Plaintiff's Objections to Defendant's Discovery Requests attached hereto as Exhibit C, Receiver's Amended Objections to Defendant's Subpoena attached hereto as Exhibit D, and Patrick Paige's Objections to Defendant's Subpoenas Duces Tecum attached hereto as Exhibit E. Defendant refused.

4. Plaintiff also requested that Defendant provide Plaintiff with copies of any correspondence that Defendant has sent to class members thus far. Defendant refused.

5. Plaintiff also agreed to produce the requested discovery about absent class members provided that Defendant agree to not attempt to communicate with them unless and until the parties first met and conferred about the contents of such communications and, to the

---

[1] Defendant has also advised the undersigned that Defendant's discovery requests and subpoenas seek all documents, correspondence and other materials, without exception, that refer or relate to the Receiver.

extent the parties could not agree, that the issue was brought to the Court's attention for resolution. Defendant refused.

6. Defendant has disclosed that one present, and two former, employees of Defendant are members of the Class. This Motion does not address Defendant's communications with such persons, with whom Defendant has a current and prior employment relationship, represented as counsel in deposition, and who were not previously unknown to Defendant.

7. Defendant has refused to disclose whether it has communicated with any other absent class members and likewise refused to provide copies of such communications to Plaintiff.

8. The Receiver, as well as his counsel, Robert Carey, have authorized the undersigned to represent that they join in the relief sought herein.

9. Federal Rule of Procedure 23 grants this Court broad authority to regulate communications between defendants and class members prior to class certification. *See, e.g., Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981)("The district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."); *Jones v. Jeld-Wen, Inc.*, 250 F.R.D. 554, 560 (S.D. Fla. 2008) ("[T]he Court bears the responsibility under Rule 23(d) to preserve the integrity of the class action…and the authority to issue orders to protect class members, impose conditions on the representative parties, and deal with similar procedural matters."); *Jenifer v. Del. Solid Waste Auth.*, No. 98-270/98-565 MMS, 1999 WL 117762, at *2 (D. Del. Feb. 25, 1999)(courts have the requisite authority to limit contacts with putative class members under Rule 23); *In re Medtronic, Inc. Implantable Defibrillator Prod. Liab. Litig.*, 434 F. Supp. 2d 729, 730 (D. Minn. 2006)(holding that the court's duty to protect class members applies even in an MDL proceeding prior to class certification).

10. Courts have held that pre-certification communications to class members is improper. *Jackson v. Motel Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997). While defendants may sometimes send truthful, non-coercive communications to absent class members pre-certification, courts are obligated to regulate misleading communications. "It is the responsibility of the court ... to safeguard [the class] from unauthorized misleading communications ... Unapproved notices to class members which are factually or legally

incomplete, lack objectivity and neutrality, or contain untruths will surely result in confusion and adversely affect the administration of justice." *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 845 (2d Cir. 1980). The court bears this responsibility irrespective of, and in addition to, the duty owed to these clients by their respective attorneys. *In re Medtronic*, 434 F. Supp. 2d at 730.

11. Many district courts have denied requests by plaintiffs to send a pre-certification notice to a putative class. *See, e.g., Bouder v. Prudential Financial, Inc.*, No. 06-4359, 2007 WL 3396303, at *2 (D.N.J. Nov. 8, 2007) (Cavanaugh, J.) (ordering plaintiffs to refrain from sending a notice and "consent to sue" form to putative class members; "plaintiffs' attorneys are not permitted to send unsolicited notices regarding the case to putative [Fair Labor Standards Act] class members not yet parties to an action conditionally certified by the Court."); *Farmers Cooperative Co. v. United States*, 90 Fed. Cl. 72, 73 (Fed. Cl. 2009)(denying plaintiff's motion to send a "written notice of this action" to all members of the putative class); *Compsource Okla.v. BNY Mellon, N.A.*, No. CIV–08–469–KEW, 2010 WL 4285010, at *3 (E.D. Okla. Oct. 22, 2010). These rules should apply equally to defendants.

12. Here, it is unknown whether Defendant has attempted to communicate with absent class members, the content or purpose of such communications, and whether Defendant advised such persons of their right to communicate with Plaintiff's counsel.

13. The court need not wait for actual harm to occur. *See, e.g., In re Sch. Asbestos Litig.*, 842 F.2d 671 (3d Cir. 1988) ("Rule 23(d) does not, however, require a finding of actual harm; it authorizes the imposition of a restricting order to guard against the "likelihood of serious abuses."), *citing, Gulf Oil*, 452 U.S. at 104 (second emphasis added). Court direct involvement is critical for permitting unsupervised transactional communications. *See, e.g., Weight Watchers, Inc. v. Weight Watchers Int'l, Inc.*, 455 F.2d 770, 772 (2d Cir. 1972)(permission to contact potential class members regarding settlement agreements was "subject to the conditions that ... plaintiff's counsel should receive at least five days advance notice of the commencement of any such negotiations ..."); *Ralph Oldsmobile Inc. v. General Motors Corp.*, No. 99 Civ. 4567(AGS), 2001 WL 1035132, at *5 (S.D.N.Y. Sept. 7, 2001)(indicating that defendant's proposed communication with the potential class was inadequate because "[i]t does not indicate how a [potential class member] may obtain more information about the case or contact plaintiff's counsel.").

14. Without oversight or proper inquiry into Defendant's communications with the class, the class may be misled or confused as to their rights, similarly situated class members may be treated differently, and the administration of this litigation may be compromised. *Jones v. Jeld-Wen, Inc.*, 250 F.R.D. 554, 561 (S.D. Fla. 2008)("The Court recognizes that unilateral communications between a party and putative class members have the potential for coercion."); *Kleiner v. First Nat'l Bank of Atlanta,* 751 F.2d 1193, 1203 (11th Cir.1985)("Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal.").

15. Similarly, discovery upon the absent class is only authorized in exceptional circumstances and where the proponent of such discovery has satisfied a heavy burden. *See On the House Syndication, Inc. v. Federal Express Corp.*, 203 F.R.D. 452, 455 (S.D. Cal. 2001) (wide-ranging discovery from absent class members undermines the very purpose of class action suits); *Collins v. Int'l Dairy Queen*, 190 F.R.D. 629, 630-31 (M.D. Ga. 1999) ("absent class-action plaintiff is not required to do anything"); *Morgan v. United Parcel Serv. of Am., Inc.*, No.4:94-CV-1184, 1998 WL 785322, at *1 (E.D. Mo. Oct. 16, 1998)("strong showing" required for absent class member discovery); *Redmond v. Moody's Investor Serv.*, No. 92 Civ. 9161 (WK), 1995 WL 276150, *1 (S.D.N.Y May 10, 1995)(discovery of absent class members regarding individual issues is inappropriate). When such absent class members discovery has been permitted, the proponent has been required to demonstrate that:

(1) the discovery is not sought to take some undue advantage of class members or with the purpose or effect of harassment or altering membership in the class;

(2) the discovery is necessary at trial of issues common to the class;

(3) responding to the discovery requests would not require the assistance of counsel; and

(4) the discovery seeks information not already known to the proponent.

*See*, *e.g.*, *On the House Syndication, Inc.*, 203 F.R.D. at 456.

16. This Court has a duty to protect the absent class members, to act as a neutral arbiter, and to ensure the honesty, accuracy, and appropriateness of communications between Defendant and the Class. Likewise, Class Counsel have a fiduciary duty to potential class members. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d

Case No.: 9:16-cv-81992-MARRA

768, 801 (3d Cir. 1995); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1245-46 (N.D. Cal 2000).

17. To remedy the potential harm to the Class and to supervise such activities in the future, Plaintiff respectfully seeks an order from this Court granting the following relief:

(1) Require Defendant to produce within five (5) days copies of all communications to and from absent class members;

(2) Prohibit Defendant from communicating with absent class members without first conferring with Plaintiff about the content of such communication[2] and, if the parties cannot agree on such communications, seeking leave of Court to initiate such communications and approval of the proposed communications;

and

(3) Prohibit Defendant from using any information Defendant has obtained, or may obtain in the future, from absent class members for any litigation purpose to the extent such information was obtained by Defendant prior to the time the Court issues a ruling on the instant Motion.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1(a)(3), S.D.Fla.L.R., Plaintiff's counsel, the undersigned, certifies that Plaintiff's counsel conferred with Coinbase's counsel via phone and email in a good faith effort to resolve the issues raised herein. The parties have not been able to resolve the issue(s) presented in this Motion.

---

[2] During the Cryptsy Matter and the instant matter many class members have contacted the undersigned to ask for legal advice and other information related to their claims in these cases.

Case No.: 9:16-cv-81992-MARRA

Respectfully submitted,

BY: */S/ MARC A. WITES*
Fla. Bar No.: 24783
mwites@wklawyers.com
**WITES LAW FIRM**
Attorneys for Plaintiff and the Class
4400 North Federal Highway
Lighthouse Point, FL 33064
954-933-4400/954-354-0205 (fax)

and

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone: (954) 755-4799
Facsimile: (954) 755-4684
DAVID C. SILVER
E-mail: DSilver@SilverMillerLaw.com
Florida Bar No. 572764
JASON S. MILLER
E-mail: JMiller@SilverMillerLaw.com
Florida Bar No. 095631

*Counsel for Plaintiff, the Class,
and the Receiver*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a copy of the foregoing was served on this 13th day of May 2019 upon: **ANDREW KEMP-GERSTEL, ESQ. and JAMES R. LIEBLER, II, ESQ.**, LIEBLER, GONZALEZ & PORTUONDO, *Counsel for Defendant, Coinbase Inc.*, Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130; and **STEVEN A. ELLIS, ESQ., LAURA STOLL, ESQ. and GALEN PHILLIPS, ESQ.**, GOODWIN PROCTER LLP, *Pro Hac Vice Counsel for Defendant, Coinbase Inc.*, 601 South Figueroa Street, Los Angeles, CA 90017.

*/s/ Marc. A. Wites*
MARC A. WITES