# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:16-cv-81992-MARRA

**BRANDON LEIDEL, individually,**
**and on behalf of All Others Similarly Situated,**

    **Plaintiff,**

v.

**COINBASE, INC., a Delaware corporation**
**d/b/a Global Digital Asset Exchange (GDAX),**

    **Defendant.**

_____/

## JOINT NOTICE

Plaintiff Brandon Leidel ("Plaintiff") and Defendant Coinbase, Inc. d/b/a Global Digital Asset Exchange (GDAX) ("Coinbase"), as required by this Court's May 21, 2019 Order Setting Hearing [DE 81], hereby advise the Court as to the status of the issues in Plaintiff's pending Plaintiff's Motion For Protective Order Preventing Defendant From Communicating With Or Seeking Discovery From The Putative Class Members as follows:

1. The parties conferred by telephone as required by the Court's May 21, 2019 Order.

2. The parties have reached agreement about the following:

    a. Plaintiff will produce all remaining materials responsive to Coinbase's Requests for Production of Documents. While the Court's ruling on this Motion [DE 79] is pending, Coinbase will not use the information in those remaining materials to contact, communicate with or seek discovery from putative class members.

    b. Although Coinbase continues to believe that it has no obligation to disclose to

Plaintiff its contacts with putative class members to date, and without waiving any of its rights, Coinbase informed Plaintiff of Coinbase's limited contacts with putative class members to date. Those contacts were exclusively with four witnesses – three former Cryptsy employees and one former Coinbase employee – who had been subpoenaed and deposed in this action, regarding their depositions.

3. In all other respects, the parties have been unable to resolve the issues raised in the Motion [DE 79], Opposition Memorandum [DE 80] and Reply [DE 82], which remain for determination by the Court.

4. As set forth in Plaintiff's Motion and Reply, Plaintiff maintains that Defendant should be (a) prohibited from communicating with or attempting to obtain discovery from absent class members, (b) precluded from using in this proceeding any discovery or other information obtained from absent class members, and (c) ordered to produce to Plaintiff any communications with and discovery obtained from absent class members. As stated in Plaintiff's Motion, Federal Rule of Civil Procedure 23 and related case law empowers this Court to restrict or limit communications by Defendant to absent class members, and there is no basis to allow Defendant to do so, let alone without restriction or court supervision. A prohibition here is further warranted because of Defendant's delay in seeking such communications and/or discovery, and because any attempts to so communicate with or obtain discovery from absent class members would occur after the applicable discovery cut-off period that expired on April 19, 2019.

5. As stated in Defendant's Opposition Memorandum, Defendant is entitled to communicate with and seek discovery from witnesses who may be putative class members. A prior restraint or other limitation/condition on such communication, unsupported by any evidence

ACTIVE/99734633.2

Civil Action No. 9:16-cv-81992-MARRA

of actual or threatened abusive or misleading conduct, would be contrary to the established case law and would violate fundamental fairness, the U.S. Constitution, and the Federal Rules of Civil Procedure. Coinbase notes, however, that it has not sought any formal discovery from putative class members (other than the three former Cryptsy employees identified above, who are also fact witnesses and have already been deposed) and currently has no plans to do so.

Respectfully submitted,

By: */s/ David C. Silver*
MARC A. WITES
Fla. Bar No.: 24783
E-mail: mwites@witeslaw.com
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL 33064
954-933-4400/954-354-0205 (fax)

and

SILVER MILLER
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 516-6000
DAVID C. SILVER
E-mail: DSilver@SilverMillerLaw.com
Florida Bar No. 572764
JASON S. MILLER
E-mail: JMiller@SilverMillerLaw.com
Florida Bar No. 072206

*Attorneys for Brandon Leidel*

Civil Action No. 9:16-cv-81992-MARRA

Dated: May 30, 2019

    /s/ *J. Randolph Leibler*
J. RANDOLPH LIEBLER
Florida Bar No. 507954
*JRL@lgplaw.com*
JAMES R. LIEBLER II
Florida Bar No. 115348
*JRLII@lgplaw.com*
**LIEBLER, GONZALEZ &PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel.: 305.379.0400
Fax: 305.379.9626

STEVEN A. ELLIS (*admitted pro hac vice*)
*sellis@goodwinlaw.com*
GALEN A PHILLIPS (*admitted pro hac vice*)
*gphillips@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant Coinbase, Inc.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was served electronically on this 30th day of May, 2019 upon: **ANDREW KEMP-GERSTEL, ESQ. and JAMES R. LIEBLER, II, ESQ.**, Liebler, Gonzalez & Portuondo, *Counsel for Defendant, Coinbase Inc.*, Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130; and **STEVEN A. ELLIS, ESQ., LAURA STOLL, ESQ. and GALEN PHILLIPS, ESQ.**, Goodwin Procter LLP, *Pro Hac Vice Counsel for Defendant, Coinbase Inc.*, 601 South Figueroa Street, Los Angeles, CA 90017.

    /s/ *David C. Silver*
DAVID C. SILVER