UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-81992-CIV-Marra/Matthewman

BRANDON LEIDEL, individually
and on behalf of All Others Similarly Situated,

       Plaintiff,

vs.

COINBASE, INC., a Delaware corporation
d/b/a Global Digital Asset Exchange (GDAX),

       Defendant.

_____/



FILED BY_____ D.C.

JUN 24 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [DE 79]

**THIS CAUSE** is before the Court upon Plaintiff, Brandon Leidel's ("Plaintiff") Motion

for Protective Order to Prohibit Defendant from Communicating with or Seeking Discovery from

Absent Class Members ("Motion") [DE 79]. This matter was referred to the undersigned by United

States District Judge Kenneth A. Marra. *See* DE 26. Defendant, Coinbase, Inc. ("Defendant"),

filed a response [DE 80], Plaintiff filed a reply [DE 82], and the parties filed a Joint Notice [DE 85]

as required by the Court. The Court held a hearing on the Motion on June 14, 2019. The Court also

provided the parties with an opportunity to provide supplemental authority after the hearing.

Defendant made no submission. Plaintiff filed a Notice of Filing Supplemental Authority [DE 94],

which contained quotations from or summaries of five different cases. The Court has carefully

reviewed the entire docket in this case, and the matter is now ripe for review.

### I.    BACKGROUND

In his Motion, Plaintiff argues that Federal Rule of Civil Procedure 23 provides the Court

1

with broad authority to regulate communications between defendants and class members prior to class certification. [DE 79, p. 3]. Plaintiff specifically seeks a protective order prohibiting Defendant from communicating with absent class members without first conferring with Plaintiff about the content of such communications, and, if the parties cannot agree on such communications, seeking leave of the Court to initiate such communications upon approval of the proposed communications. *Id.* at p. 6.

In response, Defendant cites *Gulf Oil v. Bernard*, 452 U.S. 89 (1981), and asserts that the law on pre-certification contact with members of the putative class is that "when there is evidence in the record that would support a finding of actual or threatened abusive or misleading communication by any party…the Court may prohibit or impose conditions on future contact." [DE 80, p. 3]. According to Defendant, Plaintiff has not made the requisite evidentiary showing. *Id.* Defendant asserts that there is no basis to grant Plaintiff's requests that Defendant be required to produce copies of all communications to and from absent class members or that Defendant be prohibited from using any information it has or will obtain from absent class members. *Id.* at p. 6.

Plaintiff points out that Defendant waited until the end of the discovery period to request discovery from Plaintiff about the identity of absent class members, "which effectively precludes Plaintiff from then seeking any communications sent by Defendant to class members and remedying any potential harm that might occur." [DE 82, p. 2]. According to Plaintiff, he could not have requested through written discovery information about Defendant's prior or intended future communications with the absent class since the deadline for propounding written discovery elapsed on April 19, 2019. *Id.* at p. 3. Plaintiff contends that, because it cannot seek additional discovery, and because Defendant will not agree to share its communications with absent class members, Plaintiff cannot determine if Defendant has or will engage in a misleading or otherwise

inappropriate communication with absent class members. *Id.* Plaintiff maintains that discovery upon an absent class is only authorized in exceptional circumstances. *Id.* at p. 4. Finally, Plaintiff contends that the Court should "reject Defendant's suggestion that an order from this Court prohibiting or limiting Defendant's communication with absent class members should apply equally to Plaintiff." *Id.* at p. 5.

In the parties' Joint Notice, Defendant disclosed that it has had contact with four putative class members. [DE 85, p. 2]. According to Defendant, those four individuals consist of three former Cryptsy employees and one former employee of Defendant, and Defendant only communicated with them regarding their depositions. *Id.* Additionally, in the Joint Notice, Defendant agreed not to use information produced by Plaintiff to communicate with or seek discovery from putative class members. *Id.* at p. 1.

## II.     **APPLICABLE LAW**

The Supreme Court has considered protective orders in the context of class actions and has ruled as follows:

> An order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Only such a determination can ensure that the court is furthering, rather than hindering, the policies embodied in the Federal Rules of Civil Procedure, especially Rule 23. In addition, such a weighing—identifying the potential abuses being addressed—should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances.

*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981). The Supreme Court further explained

> But the mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules. There certainly is no justification for adopting verbatim the form of order recommended by the Manual for Complex Litigation, in the absence of a clear record and specific findings of need. Other, less

burdensome remedies may be appropriate. Indeed, in many cases there will be no problem requiring remedies at all.

*Gulf Oil Co.*, 452 at 104.

*Jones v. Jeld-Wen, Inc.*, 250 F.R.D. 554 (S.D. Fla. 2008), a case from the Southern District of Florida, is particularly instructive in applying the above law. In *Jones*, the plaintiff sought court supervision of communications between the defendant and the putative class members. *Id.* at 558. The court explained that "a two-pronged test must be met before a court may restrict communication. First, a communication must have occurred or be threatened to occur. Next, the form of communication at issue must be abusive in that 'it threatens the proper functioning of the litigation.'" *Id.* at 561 (citing *Cox Nuclear Medicine v. Gold Cup Coffee Services, Inc.*, 214 F.R.D. 696 (S.D. Ala. 2003)). The *Jones* court explained that

> Communications that have been found to be violative of the principles of Rule 23 include misleading communications to class members regarding the litigation, communications that misrepresent the status or effect of the pending action, communications that coerce prospective class members into excluding themselves from the litigation, and communications that undermine cooperation with or confidence in class counsel.

*Id.* The *Jones* court found that, under the specific facts of that case, the only real issue was whether the two prior communications between the defendant and the putative class members were abusive. *Id.* at 562. The court found that, while an email did not offend the "principles of the class action lawsuit or Federal Rule 23," a letter sent by defendant did, in fact, interfere with the integrity of the class action. *Id.* The court explained that the last paragraph of that letter linked the class action lawsuit with "a negative consequence—the withholding of necessary repairs." *Id.* at 563. The court determined that there need not be a "nefarious motive" on the defendant's part. *Id.* The court ultimately issued a protective order and created a procedure which the defendant had to follow in order to communicate with putative class members. *Id.* at 564.

4

## III.  ANALYSIS

The Court has carefully reviewed the case law relied on by Plaintiff and Defendant and has conducted its own independent research. It should be noted that several of the cases relied on by Plaintiff in his Motion and reply are cases from outside of this Circuit, and many of them involve communications between a plaintiff and putative class members, rather than communications between a defendant and putative class members. Moreover, upon review of Plaintiff's Notice of Filing Supplemental Authority [DE 94], it is clear that neither party was able to identify any cases directly on point with the factual scenario in the case at hand. This is, therefore, a matter of first impression.

The parties conceded in open court that Defendant has, thus far, only communicated with four putative class members and that none of those communications were problematic. The issue, therefore, is that Defendant plans on possibly communicating with putative class members in the future in order to investigate the facts of the case and bolster its own defense. Defendant asserts that such informal investigation is permissible by both parties, even after the discovery cut-off has passed. Defendant also represented that, if it engages in any such communications, it will do so within all ethical and professional rules or requirements.

Plaintiff argues that this case is factually distinguishable from all of the other case law regarding class actions and protective orders limiting or barring communication with putative class members because, in this case, the discovery period has closed. Plaintiff's concern is that he cannot possibly monitor Defendant's communications with putative class members since Plaintiff can no longer propound written discovery to inquire about such communications. Plaintiff also points out this problematic procedural posture was created by Defendant because Defendant waited until the end of the discovery period to serve discovery regarding the putative class

5

members. Finally, Plaintiff contends that his counsel should be able to communicate with putative class members that contact Plaintiff's counsel, but that Defendant's counsel should not be permitted to communicate with any putative class members under any circumstances unless Plaintiff's counsel first approves the proposed communication.

Despite Plaintiff's argument to the contrary, the Court finds it necessary to apply the case law-created test regarding whether to issue a protective order limiting a party's communications with putative class members. *See Jones*, 250 F.R.D. at 561. First, here, arguably, a communication is threatened to occur. Defense counsel explained at the discovery hearing that counsel might contact putative class members who were also parties to a related class action lawsuit regarding the sufficiency of Plaintiff's counsel's representation during that related lawsuit. Defense counsel is also still in the process of reviewing documents recently produced by Plaintiff and wants to reserve the right to contact putative class members in light of the information contained in those documents. Defendant's position is that such communication constitutes routine trial preparation.

The second prong of the requisite test is whether the form of the communication at issue threatens the proper functioning of the litigation. There is simply no way for the Court to find that this prong has been met at this juncture. Plaintiff has produced no evidence whatsoever to meet this prong or to establish that this prong will be met in the future. Plaintiff has not met its burden for obtaining a protective order, and it would be premature for the Court to grant a protective order at this juncture. Plaintiff advances mere speculation and no hard evidence.

The Court rejects Plaintiff's argument that the procedural posture of this case mandates the implementation of a protective order. The fact that discovery is now closed is not a sufficient basis to justify entry of the protective order Plaintiff seeks. The Court also rejects Plaintiff's assertion that Defendant is trying to conduct "informal discovery" after the discovery cut-off and that

Defendant has a burden to establish the necessity of such discovery. Based on Defendant's counsel's representations and arguments at the discovery hearing, it is clear that Defendant's counsel is trying to investigate the case, as he is entitled to do, and is not attempting to conduct discovery outside of the discovery period. Of course, if Defendant's counsel does contact a putative class member, and that individual chooses not to engage with counsel, Defendant's counsel will have no recourse. The same applies to Plaintiff's counsel.

The Court notes that defense counsel conceded at the hearing that the need for a protective order may arise in the future. The Court agrees. The Court will provide Plaintiff with the opportunity to renew his motion if he later obtains evidence or information showing that Defendant's communication with a putative class member threatens the proper functioning of the litigation.

Both parties are permitted to investigate the case—not through formal discovery, but through informal communications with putative class members. However, the parties' counsel are warned that any such communications must abide by all professional and ethical rules. There shall be no a) misleading communications to putative class members regarding the litigation, b) communications that misrepresent the status or effect of the pending action, c) communications that coerce prospective class members into excluding themselves from the litigation, d) communications that undermine cooperation with or confidence in class counsel, or e) other improper or unethical communications. If such barred communications do take place, they shall promptly be brought before the Court, and the Court will deal with the matter swiftly.

## IV. CONCLUSION

Upon careful review of the Motion, response, reply, Joint Notice, Plaintiff's Notice of Filing Supplemental Authority, the relevant case law, counsel's arguments at the discovery hearing, and the entire docket in this case, it is hereby **ORDERED** as follows:

1.   Plaintiff's Motion for Protective Order to Prohibit Defendant from Communicating with or Seeking Discovery from Absent Class Members [DE 79] is **DENIED**. This denial is **WITHOUT PREJUDICE** to renew at a later date if Plaintiff has a good-faith belief that he is able to meet his burden for obtaining a protective order.

2.   Plaintiff and Defendant are permitted to communicate with putative class members at this juncture, but only within the parameters set forth above.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this ___ day of June, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge