EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Civil Action No. 9:16-cv-81992-MARRA

BRANDON LEIDEL, individually
and on behalf of all others similarly situated,

      Plaintiff,

v.

COINBASE, INC., a Delaware corporation
d/b/a, Global Digital Asset Exchange (GDAX),

      Defendant.

_____/

### CLASS ACTION SETTLEMENT AGREEMENT

    This Settlement Agreement is made and entered as of November___, 2019, subject to approval of the United States District Court for the Southern District of Florida, among and between Plaintiff Brandon Leidel, for himself and on behalf of the putative Settlement Class as defined below and Defendant Coinbase Inc., a Delaware Corporation ("Defendant Coinbase") (collectively, the "Parties"").

### RECITALS

    **WHEREAS,** Plaintiff filed the above-captioned class action lawsuit against Defendant Coinbase (the "Action");

    **WHEREAS,** Plaintiff and the Settlement Class, as defined below, maintained customer accounts at a cryptocurrency exchange known as Project Investors, Inc., d/b/a Cryptsy ("Cryptsy") into which Plaintiff and the Settlement Class had deposited digital currencies (also known as cryptocurrencies);

    **WHEREAS,** in the Action, Plaintiff alleged, *inter alia*, that Cryptsy and its founder and

controlling shareholder, Paul Vernon (referred to herein collectively as the "Cryptsy Defendants") unlawfully converted for the Cryptsy Defendants' own use and benefit the cryptocurrency held in the Cryptsy customer accounts and that Coinbase unlawfully aided and abetted that conversion by allowing Cryptsy and Vernon to have accounts on the Coinbase platform that the Cryptsy Defendants used to, *inter alia*, convert bitcoin to U.S. dollars;

WHEREAS, Defendant denied all of the allegations made by Plaintiff in the Action;

WHEREAS, the Parties conducted extensive discovery in the Action during a period of more than a year, including, but not limited to, the exchange and review of more than 125,000 pages of documents, propounding and responding to 34 interrogatories, the taking of 16 depositions in various locations across the country (including of the Plaintiff, representatives of Coinbase, former Cryptsy employees, the Receiver, as defined below, and individuals who assisted the Receiver), and the production and exchange of expert reports;

WHEREAS, the Parties also engaged in substantial motion practice in the Action, including a motion to compel arbitration (denied by the District Court and affirmed on appeal), motions to compel, a motion for class certification (fully briefed and awaiting decision at the time of this Settlement Agreement), and a motion for summary judgment (also fully briefed and awaiting decision at the time of this Settlement Agreement);

WHEREAS, Plaintiff, Defendant Coinbase, and their respective counsel attended a court-ordered mediation on September 5, 2019 before Judge (Retired) Howard Tescher and, following more than four additional weeks of phone conferences between and among the mediator and counsel, the Parties reached an agreement to resolve the claims of Plaintiff and the Settlement Class against Defendant Coinbase;

WHEREAS, the Receiver was informed of the terms of the agreement to resolve the

claims in the Action and agreed, subject to court approval, the he (solely in his capacity as Receiver) and the Receivership Estate (as defined below) would be bound by this Settlement Agreement, including the Release set forth in Section VIII below;

**WHEREAS,** the Parties recognize that the outcome of the Action is uncertain, and that a final resolution through the litigation process would likely require several years of protracted adversarial litigation and appeals; involve substantial risk and expense; and could result in additional expenses associated with possible future litigation raising similar or duplicative claims. Plaintiffs' Lead Counsel have concluded, after inquiry and investigation of the facts, that the terms of this Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class; and the Parties and their counsel have agreed to resolve the Action as a class action settlement according to the terms of this Settlement Agreement;

**WHEREAS,** Defendant Coinbase denies all wrongdoing and liability but has concluded that it will enter into this Settlement Agreement, among other reasons, to avoid the further expense, inconvenience, burden, distractions, uncertainty, and risk of litigation and any other present or future litigation arising out of the facts that gave rise to the litigation in the Action;

**NOW, THEREFORE,** without any admission or concession whatsoever by the Parties as to the strength or weakness of the merits of the claims and defenses asserted in the Action, it is hereby stipulated and agreed by the undersigned, on behalf of Plaintiff, the Settlement Class, and Defendant Coinbase that all Claims against Defendant Coinbase be fully and forever settled, compromised, released, and dismissed on the merits with prejudice on the following terms and conditions, subject to the Court's approval:

## I.   DEFINITIONS

Under this Settlement Agreement, the defined terms above, and following terms set forth

below, shall have the meanings as respectively indicated:

    A.     "Action" has the meaning assigned to it on page 1 of this Settlement Agreement.

    B.     "Agreement" and "Settlement Agreement" means this Settlement Agreement, inclusive of all exhibits and the addendum hereto.

    C.     "Authorized Claims" and "Authorized Claimants" have the meaning assigned to them in Section VI of this Settlement Agreement

    D.     "CAFA Notice" means the notice of this settlement to the appropriate federal and state officials in the United States, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. Section 1715.

    E.     "Claim" and "Claims" mean all claims, demands, actions, suits, causes of action, allegations of wrongdoing, and assertions of liability by Plaintiff and/or a Class Member against Defendant Coinbase or any other Released Party that was or could have been brought in the Action.

    F.     "Claims Administration" means any and all actions taken by the Claims Administrator in furtherance of the terms of this Settlement Agreement.

    G.     "Claims Administrator" means Angeion Group or such other third-party claims administrator agreed upon by the Parties.

    H.     "Claims Deadline" shall be ninety (90) days after the Notice Date.

    I.     "Claim Form" means the Court-approved form to be submitted by Settlement Class Members to the Claims Administrator in the form of Exhibit A hereto or in such other form as may be approved by the Court.

    J.     "Class Member" means a person or entity belonging to the Settlement Class.

    K.     "Class Notice" means the form of notice, attached hereto as Exhibits B agreed to

by the Parties, or such other form as may be approved by the Court that, among other things, informs the Class Members of: (i) the certification of a class for purposes of settlement in the Action; (ii) the date and location of the final approval hearing; (iii) the elements of the Settlement Agreement; (iv) the process by which Class Members may Opt Out of the Settlement Class or object to the Settlement Agreement (in whole or in part); and (v) the process by which Settlement Class Members may apply to obtain compensation from the Settlement Fund.

L.      "Court" means the United States District Court for the Southern District of Florida.

M.      "Cryptsy" has the meaning assigned to it on page 1 of this Settlement Agreement.

N.      "Cryptsy Case" means the civil action filed in the Court styled as *Leidel, et al. v. Project Investors, Inc. d/b/a Cryptsy, Paul Vernon, and Lorie Ann Nettles*, Case No. 9:16-cv-80060-MARRA.

O.      "Cryptsy Defendants" has the meaning assigned to it on page 2 of this Settlement Agreement.

P.      "Defendant Coinbase" has the meaning assigned to it on page 1 of this Settlement Agreement.

Q.      "Defendant Coinbase's Counsel" means Steven A. Ellis, Laura A. Stoll, and Galen A. Phillips of Goodwin Procter, LLP; J. Randolph Liebler, Andrew Kemp-Gerstel, and James R. Liebler of Liebler, Gonzalez & Portuondo; and any other attorney who appears as counsel of record for Defendant Coinbase in the Action.

R.      "Effective Date" shall mean the next business day following the last date on which a notice of appeal directed to the entry of the Final Approval Order and Judgment could have been timely filed but with no notice of appeal having been filed; or, should a notice of

appeal be filed, it shall mean the next business day after the Final Approval Order and Judgment is affirmed, all appeals are dismissed, and no further appeal is permitted.

S.      "Escrow Agent" means Wites Law Firm.

T.      "Final Approval Hearing Date" shall mean the hearing date set by the Court on which the Court takes up for consideration Plaintiffs' motion for final approval of the Settlement Agreement.

U.      "Final Approval Order and Judgment" shall have the meaning assigned in Section VII(F) of this Settlement Agreement.

V.      "Market Value" has the meaning assigned to it in Section VI(B)(2) of this Settlement Agreement

W.      "Mediation Agreement" means the agreement reached by the Parties on or about October 8, 2019, with the assistance of a mediator, which is superseded by this Settlement Agreement.

X.      "Motion for Preliminary Approval" has the meaning assigned to it in Section II(A)(1) of this Settlement Agreement.

Y.      "Net Settlement Fund" means the Settlement Fund less any distribution approved by the Court for attorneys' fees, costs and expenses paid to Plaintiffs' Lead Counsel, any award to Plaintiff Brandon Leidel provided for herein or approved by the Court, notice and administration expenses, taxes and tax expenses, and any other Court-approved deductions.

Z.      "Notice" means the notice provided to Class Members pursuant to the Federal Rules of Civil Procedure and the mechanisms set forth in Section IV of this Settlement Agreement. including, but not limited to, the Class Notice.

AA.     "Notice Date" means the date by which the Claims Administrator publishes the

notices, as provided for in Section  IV(A)(2)(a) of this Settlement Agreement.

BB.    "Objection Date" means the date by which Class Members must file with the Court written notice of any objection to this Settlement Agreement, or to any part or provision thereof as set forth in Section VII(E) below.

CC.    "Opt Out" shall have the meaning assigned to it Section VII(D) of this Settlement Agreement.

DD.    "Opt Out Deadline" shall be sixty (60) days after the Notice Date.

EE.    "Parties" shall have the meaning assigned to it in the preamble of this Settlement Agreement.

FF.    "Person" or "Persons" means all persons and entities including without limitation natural persons, firms, corporations, limited liability companies, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, associations, partnerships, limited liability partnerships, and their predecessors, successors, administrators, executors, heirs and assigns.

GG.    "Plaintiff" means Brandon Leidel.

HH.    "Plaintiffs' Lead Counsel" and "Class Counsel" means Wites Law Firm and Silver Miller Law.

II.    Plan of Allocation" means the plan and formula of allocation of the Net Settlement Fund by which the Net Settlement Fund shall be distributed to Authorized Claimants, as set forth in Section VI of this Settlement Agreement.

JJ.    "Preliminary Approval" means the entry by the Court of the Preliminary Approval Order.

KK.    "Preliminary Approval Order" means the Order to be presented to the Court

which, if entered by the Court, will provisionally certify the Settlement Class, preliminarily approve the Settlement Agreement, approve the Claim Form and Class Notice in substantially the same form as Exhibits A and B, and approve the distribution and processing procedures set forth herein for the Claim Form and Class Notice.

LL.    "Receiver" means James D. Sallah, not individually but solely in his capacity as the Court-appointed Receiver in the Cryptsy Case.

MM.    "Receivership Estate" means the assets, rights and rights of action of Cryptsy.

NN.    "Recognized Claims" has the meaning assigned to it in Section VI(B)(1) of this Settlement Agreement.

OO.    "Released Claims" are defined in Section VIII below.

PP.    "Released Parties" means Defendant Coinbase and all of its past, present, and future parents, predecessors, successors, partners, assigns, joint venturers, subsidiaries, affiliates, divisions, and each and all of their respective owners, investors, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual), but **expressly excludes** Paul Vernon and the Cryptsy Defendants (including without limitation natural persons, firms, corporations, officers, directors, shareholders, limited liability companies, members, managers, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, associations, partnerships, limited liability partnerships, partners, and their predecessors, successors, administrators, executors, heirs and assigns).

QQ.    "Releasing Parties" means the Plaintiff, each Settlement Class Member, and the Receiver (in his capacity as Receiver and on behalf of the Receivership Estate), and any Person claiming by or through the Plaintiff, each Settlement Class Member, and the Receiver, including as his/her/its spouse, child, ward, next friend, executor, guardian, estate, heir, devisee,

beneficiary, legatee, invitee, employee, customer, associate, co-owner, attorney, agent, administrator, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, or affiliate.

RR.    "Settlement Amount" means the monies described and defined in Section II(A)(2) below.

SS.    "Settlement Class" means and includes all Cryptsy account owners who held bitcoin, other digital currencies or cryptocurrencies, or any other asset on the Cryptsy platform as of November 1, 2015 to the present.  **Excluded** from the Class are: (1) employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families; (2) employees of COINBASE, including its shareholders, officers and directors and members of their immediate families; any judge to whom this action is assigned and the judge's immediate family; (3) persons who timely and validly opt to exclude themselves from the Class; and (4) any person or entity that opened an account at Cryptsy after October 4, 2015, which is the last date on which any of the Cryptsy Defendants used any of the accounts maintained on the Coinbase platform to exchange Bitcoin for U.S. dollars.

TT.    "Settlement Class Member" is a person or entity within the definition of the Settlement Class and who has not validly and timely exercised the right to Opt Out of the Settlement Class.

UU.    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

VV.    "Settlement Website" has the meaning assigned to it in Section IV(A)(2)(e) of this Settlement Agreement

WW.   "Total Recognized Claims" has the meaning assigned to it in Section VI(B) of this Settlement Agreement.

## II.    THE SETTLEMENT

A.    The Settlement consists of the following:

1.    Certification of a Settlement Class: Coinbase will not oppose the certification of a class for settlement purposes or Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, Approval of Notice to Class Members, and Scheduling of a Final Approval Hearing (the "Motion for Preliminary Approval"). The Motion for Preliminary Approval and the Motion for Final Approval will contain agreed findings of fact and conclusions of law, which will be presented as proposed findings of fact and conclusions of law in a proposed final order approving the settlement that demonstrates that this action meets the requirements of Rule 23, Fed.R.Civ.P. Class Counsel will share with Defendant Coinbase's Counsel a draft of the Motion for Preliminary Approval of the Settlement Agreement and the Motion for Final Approval at least five (5) court days before filing this motion with the Court, and in the event that Defendant has any objections to the motion, Class Counsel and Defendant Coinbase's Counsel will meet and confer in a good faith and reasonable attempt to resolve any such objections.

2.    Creation of the Settlement Fund:  Within ten (10) days after the Court enters the Preliminary Approval Order, Coinbase shall deliver to the Escrow Agent nine hundred sixty-two thousand five hundred dollars ($962,500.00).

B.    The Escrow Agent shall deposit the Settlement Amount

in a segregated escrow account (the "Escrow Account") established and maintained by the Escrow Agent. Any interest earned on the Settlement Amount shall become and remain part of the Settlement Amount.

C.    The Settlement Fund shall be applied as follows (subject to Court approval):

1.    To pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting claims from Class Members, assisting with the filing of claims,

administering and distributing the Net Settlement Fund to Authorized Claimants, processing Claim Forms, and paying escrow fees and costs, if any;

2.    To pay the taxes and tax expenses of the Escrow Account;

3.    After the Effective Date, to pay attorneys' fees and expenses of Plaintiffs' Lead Counsel, to pay Plaintiff Brandon Leidel his incentive award, if and to the extent allowed by the Court;

4.    After the Effective Date, to distribute the Net Settlement Fund to the Settlement Class Members as allowed by this Agreement in the Plan of Allocation and subject to the approval of the Court; and

5.    To the extent any monies remain in the settlement fund after all of the distributions detailed immediately above, as set forth more fully in this Agreement, such amount shall revert and paid to Defendant Coinbase.

## III.    RECEIVER

Receiver was initially a party to this Action but voluntarily dismissed his claims without prejudice shortly after the Complaint was filed. However, Receiver has agreed to be bound, in his capacity as Receiver and on behalf of the Receivership Estate, by the Settlement Agreement, to release any and all claims that he has or may have against the Released Parties and to be bound as a Releasing Party by the provisions of Section VIII of this Settlement Agreement.

## IV.    NOTICE AND CLAIMS PROCEDURES

A.    <u>Notice</u>

1.    <u>Form of Class Notice</u>:  Subject to approval of the Court, Class Notice shall be made by publication, and to the extent reasonably possibly by email or U.S. mail (*i.e.,* direct mail) where no email address is available, as set forth below in the forms attached hereto as Exhibit B.

2.    <u>Dissemination of Notice</u>:

(a)    <u>Notice Date</u>: Subject to approval by the Court, the Class Notice shall be reasonably disseminated within forty-five (45) days of the entry of the Preliminary Approval Order by the Court.

(b)    <u>Notice by Email</u>: The Claims Administrator shall cause the Class Notice to be disseminated by email to all persons that were sent email notice of the settlement in the Cryptsy Case, which included (1) all persons who provided their contact information to Plaintiffs' Lead Counsel and Receiver and (2) who can be identified from the records of Cryptsy. The Claims Administrator shall also cause the Class Notice to be disseminated by email to all persons that provided their contact information to Lead Counsel and/or the Receiver subsequent to the notice and claim period in the Cryptsy Case.

(c)    <u>Notice by Direct Mail</u>: The Claims Administrator shall cause the Class Notice to be disseminated by direct mail to all persons that were sent direct mail notice of the settlement in the Cryptsy Case, which included: (1) all persons who provided their contact information to Plaintiffs' Lead Counsel and Receiver and such information does not include a valid email address, and (2) who can be identified from the records of Cryptsy where such records do not include a valid email address. The Claims Administrator shall also cause the Class Notice to be disseminated by direct mail to all persons that provided their contact information (but not an email address) to Lead Counsel and/or the Receiver subsequent to the notice and claim period in the Cryptsy Case.

(d)    <u>Notice By Publication</u>:  Subject to approval by the Court, notice will be provided to the Settlement Class through publication as follows: a web-based banner ad program on two websites that, according to Lead Plaintiffs' Counsel, are the amongst the highest ranking websites for cryptocurrency investors, but which do not include any websites operated by Defendant Coinbase.  Further, the Class Notice will be posted on the Settlement Website (as defined below) and Plaintiffs' Lead Counsel's websites, and at the website maintained by the Receiver.

(e)    <u>Website</u>:  The Claims Administrator shall cause a website to be created containing Claims information and relevant documents, including this Settlement Agreement, Claim Forms, and information about the status of the Action and deadlines established by the Court (the "Settlement Website"). The cost of creating and maintaining this website shall be paid from the Settlement Fund, subject to Court approval.

3.      <u>Cost of Notice</u>:  Costs of the Class Notice, as detailed above, and Claims Administration, shall be paid from the Settlement Fund, subject to Court approval.  The Claims Administrator shall provide to Class Counsel and Defendant Coinbase's Counsel monthly statements that identify all costs reasonably and actually incurred by the Claims Administrator in connection with Class Notice and Claims Administration.

4.      <u>Claims Administrator to Effect Notice</u>: The Claims Administrator shall be responsible for placing and mailing the Class Notice pursuant to Section IV and implementing the notice plan approved by the Court.

5.      <u>Certification Notice Given</u>: Within thirty (30) days of completion of the dissemination and publication of the Class Notice as described above, the Claims Administrator shall certify to the Court that it disseminated and published the Class Notice pursuant to the approved notice plan. The Claims Administrator shall also certify the dates that Class Notices were actually published as described above, provide a true copy of each Class Notice in each publication, and provide any other information relevant to the publication and mailing of the Class Notice and other Notices.

6.      <u>CAFA Notice</u>: The Claims Administrator shall serve notice of this Settlement Agreement that meets the requirements of the Class Action Fairness Act of 1995, 28 U.S.C. Section  1715, on the appropriate federal and state officials not later than 10 days after the filing of this Settlement Agreement with the Court.

B.    <u>Claims Procedures Applicable to All Claims</u>

1.    All Settlement Class Members shall be bound by the claims procedures set forth below to submit a claim for a distribution under the Plan of Allocation.

2.    <u>Approved and Rejected Claims from Cryptsy Case</u>:

(a) Any Settlement Class Member who submitted a valid and approved claim in Cryptsy Case shall <u>not</u> be required to submit a separate claim in the Action; such claims from the Cryptsy Case shall be deemed accepted and valid in this settlement and its claims process, and will be processed without the requirement of any further action by the respective Settlement Class Member. Such Settlement Class Members need not submit a claim or take any further action to submit a claim in this Action. Notwithstanding the foregoing, the claims and other documents that were submitted by Persons who submitted valid and approved claims in the Cryptsy Case will be reviewed to verify that such Persons are Settlement Class Members under the terms of this Settlement Agreement.

(b) Any Settlement Class Member who submitted a claim in Cryptsy Case that  was rejected must submit a claim form but need not resubmit any of the supporting materials submitted with their Cryptsy Claim; such Settlement Class Member must submit additional documents and materials to support their claim as provided in Section IV(B)(3) below.

3.    <u>Submission of Claim Form</u>: Any Settlement Class Member who did not submit a valid and approved claim in the Cryptsy Case shall follow the

claim submission procedures set forth in this paragraph. Except as provided above in Section IV(B)(2) above, to receive a distribution from the Settlement Fund, a Settlement Class Member must sign and submit a completed Claim Form in the form of Exhibit A hereto together with all other documentation, if any, set forth below either online or on the Settlement Website.  A Claim Form must be submitted by regular First Class U.S. Mail, fax, or by electronic mail in Portable Document Format ("PDF") to the Claims Administrator, or such other method approved by the Court. Claim Forms will be made available by mail and for downloading from the Settlement Website maintained by the Claims Administrator and may be made available on the websites of Plaintiffs' Lead Counsel.  Class Counsel, Defendant Coinbase, and Defendant Coinbase's Counsel shall have access, upon request, to the information submitted by Class Members to the Claims Administrator but will keep confidential the information provided by Class Members on Claim Forms and will not use the information for any purpose other than in connection with Claims Administration and will not share, distribute, or disclose such information.

4.    Verification: The Settlement Class Member shall sign the verification by hand on the Claim Form that states as follows:

> *I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.*

5.   Claims Administration and Deadlines:

(a)   Plaintiffs' Lead Counsel and Defendant Coinbase's Counsel shall supervise the Claims Administrator and Claims Administration process.

(b)   All Claim Forms must be received by the Claims Administrator by the Claims Deadline unless such period is extended by Order of the Court. The Claims Deadline shall be set forth in the Class Notice, the websites of the Claims Administrator, and Plaintiffs' Lead Counsel, as well as on the front page of all Claims Forms.

(c)   Except as provided above in Section IV(B)(2), any Class Member who fails to timely submit a Claim Form shall be forever barred from receiving any payment pursuant to this Agreement (unless, by Order of the Court, a later submitted Claim Form by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Settlement Agreement, including the release provisions of Section VIII. A Claim Form shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed first-class postage prepaid, or when it is received by the Claims Administrator.

(e)   The Claims Administrator shall maintain records of all Claim Forms submitted. The Claims Administrator shall maintain all such records until all Claim Forms have been finally resolved, and such records will be made available upon request to Defendant Coinbase's Counsel or Plaintiffs' Lead Counsel.

(f)   Claim Forms that do not meet the submission requirements will be rejected. Prior to rejection of a Claim Form, the Claims Administrator shall communicate with the Settlement Class Member in order to afford the Settlement Class Member a reasonable opportunity to remedy curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify in a timely fashion and in writing, by email or by U.S. Mail, all Settlement Class Members whose Claim Forms it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Settlement Class Member has the right to a review by the Court if the Settlement Class Member so desires and complies with the requirements of subparagraph 4g immediately below.

(g)   If any Settlement Class Member whose claim has been rejected in whole or in part desires to contest such rejection, the Settlement Class Member must, within twenty (20) days after the date of mailing of the notice required in subparagraph 5f immediately

above, serve upon the Claims Administrator a notice and statement of reasons indicating the Settlement Class Member's grounds for contesting the rejection along with any supporting documentations, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Lead Counsel shall thereafter present the request for review to the Court;

(h)    Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement Class Member's claim.

(i)    Payment pursuant to this Settlement Agreement shall be made pursuant to the Plan of Allocation set forth in this Settlement Agreement, and shall be deemed final and conclusive against all Class Members with regard to the Released Claims. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Settlement Agreement, including the release provisions of Section VIII.

B.    <u>Notification to Claimants:</u> The Claims Administrator shall notify a Settlement Class Member within forty-five (45) days of receiving the Claim Form and all necessary information, or as soon thereafter as reasonably practicable, whether the Claim will be accepted and paid pursuant to the terms of this Settlement Agreement and its Plan of Allocation or rejected.

## V.    ATTORNEY'S FEES AND INCENTIVE AWARDS

A.    <u>Application</u>: Plaintiffs' Lead Counsel may submit an application or applications to the Court (the "Fee and Expense Application(s)") for distribution to them from the Settlement Fund, and, provided that such applications are consistent with the terms of this Settlement Agreement, Defendant Coinbase shall not oppose such applications.

B.    <u>Plaintiff's Lead Counsel</u>: Plaintiffs' Lead Counsel may submit a Fee and Expense Application which includes a request for (a) attorney's fees not to exceed 33.33% of the Settlement Fund and (b) reimbursement of expenses and costs reasonably and actually incurred,

or to be incurred, in connection with prosecuting the Action, (the "Fee and Expense Award").

C.     Consideration by the Court: The procedure for, and the allowance or disallowance by the Court of, the application(s) for the Fee and Expense Award to be paid out of the Settlement Fund, and any plan for distribution of the Settlement Fund to the Settlement Class, are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement; and any order or proceeding relating to the Fee and Expense Application(s) or any plan of distribution, or any appeal from any such orders, shall not operate to terminate or cancel this Agreement or affect or delay the finality of the judgment approving the Settlement.

E.     Timing of Payment:  The Escrow Agent will distribute to Plaintiffs' Lead Counsel the amounts awarded by the Court for the Fee and Expense Application seven (7) business days after the Effective Date or upon such other date set forth in any order of this Court.

F.     Incentive Awards: Named Plaintiff Brandon Leidel shall receive from the Net Settlement Fund two thousand five hundred dollars ($2,500) as an incentive award for the inconvenience and time spent in bringing this Action. The incentive award shall be paid from the Settlement Fund at the same time all Authorized Claims are paid.

## VI.     PLAN OF ALLOCATION

A.     Establishing the Plan of Allocation

1.     The Net Settlement Fund shall be distributed to all Settlement Class Members who submit timely, valid and acceptable Claim Forms ("Authorized Claimants").

2.     The Net Settlement Fund will be available to pay claims for up to 100 percent of the losses incurred by Authorized Claimants.

3.      The Claims Administrator shall determine the amount of the distribution to be made to each Authorized Claimant based upon each Authorized Claimant's "Recognized Claim" as set forth below in Section VI(B) & (C).   The Recognized Claim formula is the basis upon which the Net Settlement Fund will be allocated to the Authorized Claimants. All payments made to Authorized Claimants from the Net Settlement Fund pursuant to this Plan of Allocation shall be made in United States Dollars.

B.      Determination of Recognized Claims

1.      Authorized Claimants who submit documentation sufficient to identify the type, and determine the quantity of, cryptocurrency held on the Cryptsy platform between November 1, 2015 and the present date, such as account statements or screen shots of account holdings, shall have a "Recognized Claim" in the amount equal to the Market Value of such cryptocurrency (as calculated below in Section VI(B)(2).  Settlement Class Members who submitted a valid and approved claim in the Cryptsy Case Settlement shall have in the settlement of this Action a Recognized Claim in an amount equal to the Market Value of their cryptocurrency as described in this paragraph less the amount that was paid to and received by them in connection with the settlement of the Cryptsy Case. NOTE:  Persons in the Settlement Class who do not submit documentation sufficient to identify the type, and determine the quantity of, cryptocurrency held on the Cryptsy platform between November 1, 2015 and the present date shall not have a Recognized Claim.  In addition, Persons who submitted a claim

in connection with the settlement of the Cryptsy Case but who did not open an account on the Cryptsy platform until after October 4, 2015 or who are otherwise are not Settlement Class Members (as that term is defined in this Settlement Agreement) in this Action will not receive any payment in connection with the settlement of this Action.

2.    The Market Value of cryptocurrency shall be based on the same formula employed in the settlement of the Cryptsy Case, which was based on the price of such cryptocurrency as of 5:00 pm ET on the date such cryptocurrency was deposited on the Cryptsy platform if such date can be determined from the records submitted by the Settlement Class Member (or, if such date cannot be determined, then based on the closing price of such cryptocurrency as of 5:00 p.m. ET on November 1, 2015), based on the historical pricing of cryptocurrency as provided by Defendant Coinbase or such other course of historical cryptocurrency pricing approved by the Court.

C.    <u>Distribution of the Net Settlement Fund</u>

1.    The Distribution to each Settlement Class Member from the Net Settlement Fund, as described immediately above in Sections VI(A) and (B), shall be determined as follows:

a.    The Claims Administrator will first determine the sum of all Recognized Claims, as set forth above in Section VI(B) (the "Total Recognized Claims").

b.    If the amount of the Total Recognized Claims is less than or equal to the amount of the Net Settlement Fund, then each Authorized Claimant will receive a distribution from the Net Settlement Fund in an amount equal to 100 percent of the Authorized Claimant's

Recognized Claim.

c.  If the amount of the Total Recognized Claims is more than the amount of the Net Settlement Fund, then each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all Authorized Claimants. The pro rata shares shall be determined by multiplying each Authorized Claimant's "Recognized Claim" by a fraction, the numerator of which shall be the amount of the Net Settlement Fund and the denominator of which shall be the Total Recognized Claims of all Authorized Claimants.

2.  Settlement Class Members who do not submit acceptable Claim Forms will not share in the proceeds of the Net Settlement Funds, but will nevertheless be bound by the Settlement Agreement, the release provisions of Section VIII of the Settlement Agreement, and the Court's Final Judgment and Order of Dismissal dismissing this Action.

3.  Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has entered the Final Approval Order and Judgment, and after the Effective Date has occurred. If any funds remain in the Net Settlement Fund, by reason of un-cashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall revert and be paid to Defendant Coinbase.

4.  Plaintiff, Defendant Coinbase, its counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund or any portion thereof, the Plan of Allocation or the determination, administration, calculation, or payment of any

Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## VII.   COURT APPROVAL AND OBJECTION PROCEDURES

A.   <u>Reasonable Efforts</u>: Plaintiffs' Lead Counsel and Defendant's Counsel agree that they will use reasonable efforts to: (i) recommend and obtain approval of this Sett1ement Agreement by the Court pursuant to Federal Rule of Civil Procedure 23(e); (ii) carry out the terms of this Settlement Agreement; and (iii) secure the prompt, complete and final dismissal with prejudice of the Action.

B.   <u>Motion for Preliminary Approval:</u>  Following the execution of this Agreement, Plaintiffs' Lead Counsel shall file in the Court a motion for Preliminary Approval that seeks entry of a proposed Preliminary Approval Order that would, for settlement purposes only:

1.   Preliminarily approve this Settlement Agreement;

2.   Provisionally certify the Settlement Class and appoint Class Counsel as counsel for the Settlement Class;

3.   Approve the proposed Claim Form and Class Notice in a form substantially similar to the form attached hereto as Exhibits A and B;

4.   Approve the plan for dissemination and distribution of notice to the Settlement Class, including through the Class Notice; and

5.   Allow Plaintiffs' Lead Counsel to retain the Claims Administrator for the Notice and administration of the Settlement Agreement and to allow the Wites Law Firm to act as the Escrow Agent.

Defendant Coinbase will not oppose this motion, and will agree that the Settlement Agreement

should be preliminarily approved.  Class Counsel will share with Defendant Coinbase's Counsel a draft of the Motion for Preliminary Approval at least five (5) court days before filing this motion with the Court, and in the event that Defendant has any objections to the motion, Class Counsel and Defendant Coinbase's Counsel will meet and confer in a good faith and reasonable attempt to resolve any such objections.

     D.     <u>Voluntary Exclusion of Class Members from Settlement Class</u>

     1.     <u>Opt Out Rights</u>:  Class Members have the right to exclude themselves ("Opt Out") from this Agreement and from the Settlement Class by timely submitting a request to Opt Out pursuant to Section VII(D)(3) below. Class Members who so timely request to Opt Out shall be excluded from this Agreement and from the Settlement Class.  Any Class Member who does not timely submit a request to Opt Out or does not otherwise comply with the agreed upon Opt Out procedure approved by the Court shall be bound by the terms of this Agreement and the Final Approval Order and Judgment.  Any Class Member who does not Opt Out of this Agreement shall be deemed to have taken all actions necessary to withdraw and revoke the assignment to any Person of any Released Claim against the Released Party.

Any Class Member who timely submits a request to Opt Out shall have until seven (7) days prior to the Final Approval Hearing Date in the Court to deliver to Plaintiffs' Lead Counsel and the Claims Administrator a written revocation of such Class Member's request to Opt Out.  Plaintiffs' Lead Counsel shall timely apprise the Court of such revocations.

Within ten (10) days after the Opt Out Deadline, the Claims Administrator shall furnish Plaintiffs' Lead Counsel and Defendant's Counsel with a complete list of all Opt Out requests submitted by the Opt-Out Deadline and not timely revoked.

2. <u>Deadline to Opt Out from Settlement Class</u>: All Class Members will be given sixty (60) days after the Notice Date (the "Opt Out Deadline") to Opt Out.

3. <u>Request to Opt Out</u>:  A Class Member must Opt Out of the Settlement Class by notifying the Claims Administrator in writing postmarked on or before the Opt Out Deadline of his/her intention to exclude himself/herself from the Settlement Class.  The Class Member seeking to Opt Out must include his/her name, address, telephone and signature in his/her written request to Opt Out and otherwise comply with the requirements set forth in this Agreement.   The initial determination that each request to Opt Out by a Class Member complies with the Opt Out procedures in this Agreement will be made by the Claims Administrator and is subject to review and final approval by the Court as part of the Final Approval of the Settlement Agreement. The Court may disallow any request for exclusion that fails to comply with the provisions of the Preliminary Approval Order or the Opt Out procedures otherwise approved by the Court.

E. <u>Procedures for Objecting to the Settlement</u>: Any objection to this Settlement Agreement, including any of its terms or provisions, must be served on Marc A. Wites, Esq., Wites Law Firm, 4400 North Federal Highway, Lighthouse Point, FL 33064 and Laura A. Stoll,

Goodwin Procter LLP, 601 South Figueroa Street, 41st Floor, Los Angeles, CA 90017, and filed with the Court in writing no later than thirty (30) days prior to the Final Approval Hearing Date as set forth in the Class Notice (the "Objection Date").  Any Person filing an objection in the Court shall, by doing so, submit to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Florida for purposes of ruling upon or otherwise resolving the objection.

       F.     <u>Motion for Entry of Final Approval Order and Judgment</u>

          1.    Hearing on Motion for Final Approval Order and Judgment:  The Motion for Entry of Final Approval Order and Judgment of this Settlement Agreement will be set for hearing by the Court as soon as is practical. The Parties shall seek entry of a "Final Approval Order and Judgment" that, *inter alia*:

             (a)   Approves finally this Settlement Agreement and its terms as being a fair, reasonable and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act, and other applicable law;

             (b)   Determines that the Notice, as approved by the Preliminary Approval Order, constitutes reasonable and the best practicable notice reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Action, the terms of the Settlement Agreement, the right to object or Opt Out, and the right to appear at the hearing on Final Approval, and the claims procedure, and that the Notice is adequate and sufficient to all persons entitled to receive such notices, and meets the requirements of due process and other applicable rules or laws; and

             (c)   Determines that there is no just reason for delay and that the Final Approval Order and Judgment shall be final and entered.

Defendant Coinbase shall not oppose this motion, and will agree that the Settlement Agreement should receive final approval.  Class Counsel will share with Defendant Coinbase's Counsel a

draft of the Motion for Entry of Final Approval Order and Judgment of this Settlement Agreement at least five (5) court days before filing this motion with the Court, and in the event that Defendant has any objections to the motion, Class Counsel and Defendant Coinbase's Counsel will meet and confer in a good faith and reasonable attempt to resolve any such objections.

        2.    <u>Effect of Entry of a Final Approval Order and Judgment</u>: The Claims Administrator's distribution procedures under the Settlement Agreement shall commence no earlier than seven (7) business days after the Effective Date.

## VIII.   RELEASE OF CLAIMS

Upon entry of the Final Approval Order and Entry of Judgment by the Court, the Releasing Parties, and each of them, completely and forever release and discharge all Released Claims against the Released Parties.  For purposes of this Settlement Agreement, "Released Claims" means any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description, that a Releasing Party has or may have, including assigned claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, latent or patent, contingent or noncontingent, that is, has been, could have been or in the future might be asserted by the Releasing Party either in the Court or any other court or forum, regardless of legal theory, regardless of the source of law (federal, state, local, or international, and whether based upon common law or a statute or ordinance) and regardless of the type of relief or amount of damages claimed, against any of the Released Party, arising from or related to the allegations in the Action, the conduct of the Cryptsy Defendants, or the accounts on the Coinbase platform that were owned or controlled, in whole or in part, by any of the Cryptsy Defendants, and occurring

prior to the Effective Date.  The Released Claims include, but are not limited to, claims that any Released Party (a) aided and abetted any unlawful conduct of the Cryptsy Defendants; (b) conspired with the Cryptsy Defendants; (c) violated any duty under any source of law or otherwise was negligent in relation to the accounts on the Coinbase platform that were owned or controlled, in whole or in part, by any of the Cryptsy Defendants; or (d) was unjustly enriched in connection with the accounts on the Coinbase platform that were owned or controlled, in whole or in part, by any of the Cryptsy Defendants.

Upon entry of the Final Approval Order and Entry of Judgment by the Court, Plaintiff, on behalf of himself and the Releasing Parties, expressly waives and releases any and all provisions, rights, and benefits conferred by California Civil Code Section 1542, and by any law of any other jurisdiction, or principle of common law, that is similar, comparable, or equivalent in effect to California Civil Code Section 1542 with respect to the release of claims.  California Civil Code Section 1542 provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

In making this wavier of rights, Plaintiff, on his behalf and on behalf of the Releasing Parties, (a) acknowledges that he or they may hereafter discover facts other than or different from those that he and they know and believe to be true with respect to the Released Claims; (b) affirms that he and they have taken that possibility into account in reaching and agreeing to the terms of this Settlement Agreement; and (c) affirms that he and they desire to enter into this Settlement Agreement and to release all Released Claims fully and forever, notwithstanding the potential

risk (which he and they expressly assume) that he or they might subsequently discover such different or additional facts.

## IX.    <u>OTHER PROVISIONS</u>

A.    <u>No Admission</u>: Nothing herein shall constitute any admission as to any assertion, claim, or allegation made by any party, or as to the scope of liability.  Defendant Coinbase specifically denies any wrongdoing or liability and specifically denies that a class could or should be certified in the Action for litigation purposes.  This Settlement Agreement is entered into to resolve all claims amicably, and to avoid the risk and expense of additional litigation, and does not imply or suggest in any way fault or wrongdoing. The Parties hereto agree that this Settlement Agreement and its Exhibits, and any and all associated negotiations, documents, discussions, shall not be deemed or construed by anyone to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendant Coinbase.

B.    <u>Business Practices</u>:    This Action concerned allegations regarding Defendant Coinbase's business practices during the time period of 2013-2015. This Settlement does not include a request for injunctive relief or requirements for changes in business practices because discovery in this action revealed that Defendant Coinbase's AML and KYC practices after the 2013-2015 time period are compliant with all applicable legal requirements.

C.    <u>Press Releases and Other Disclosures</u>: Any Party is permitted to publicize the existence of the Settlement and the terms contained in this Settlement Agreement, but no Party will disparage any other Party.

D.    <u>Termination; Right to Rescind the Settlement Agreement</u>: This Settlement Agreement will be terminated, will become null and void, and no Party will have any further obligations under this Settlement Agreement if any of the following conditions subsequent occurs:

1.    The Parties fail to obtain and maintain Preliminary Approval of the proposed settlement;

2.    The Court fails to enter a Final Approval Order and Judgment consistent with the provisions in Section VII(F); or

3.    The Court's approval of this Settlement Agreement is not upheld on appeal, including review by any appellate court.  The failure of the Court or any appellate court to approve in full the request by Plaintiffs' Lead Counsel for attorneys' fees and other expenses, however, will not cancel or terminate this Settlement Agreement.

4.    More than seven and one-half percent (7.5%) percent of the members of the Settlement Class submit timely and valid Opt Outs (except that this failure of a condition subsequent may be waived by a written agreement of the Parties).

5.    If any of the conditions subsequent identified above in this Section occurs, any Party may give notice in writing of the termination of this Settlement Agreement by delivering a written notice of termination to all of the other Parties.

6.    The Parties may also mutually agree in writing to terminate this Settlement Agreement.

7.    If the Settlement Agreement is not granted Final Approval or if the Settlement is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and

documents prepared, and statements made in connection therewith, shall be without prejudice to any Released Party and shall not be deemed or construed to be an admission or confession by any Released Party of any fact, matter, or proposition of law, including (but not limited to) an admission that a class could or should be certified in the Action for litigation purposes; and all Parties and Released Parties shall stand in the same substantive and procedural position as they were on October 1, 2019, and as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

E.      Binding Effect: Upon the Effective Date, , this Settlement Agreement shall be binding upon and inure to the benefit of the Parties, including each Settlement Class Member and their successors and assigns.

F.      No Assignment: Plaintiff and Class Counsel represent and warrant that other than Class Counsel, there are no Persons having any interest in any award of attorneys' fees, expenses, or litigation costs in connection with the Action.  Class Counsel agrees to indemnify and hold Coinbase and its counsel harmless as to (a) any breach of the representation and warranty contained in the prior sentence; and (b) any claim by any other Person against Coinbase or its counsel for such an award of attorneys' fees, expenses or litigation costs.  Plaintiff represents and warrants that he has not assigned or transferred, in whole or in part, any of his interest in the Released Claims.

G.      Choice of Law: Claims for breach of this Settlement Agreement shall be governed by and interpreted according to the substantive law of the State of Florida without regard to choice of law principles.

H.  <u>Entire Agreement; Amendment:</u> This Settlement Agreement, with its Exhibits, constitutes the entire and complete agreement among the Parties and supersedes all prior agreements, documents and understanding of the Parties related to the subject matter of this Settlement Agreement, including the Mediation Agreement.  This Agreement shall not be modified in any respect except by writing executed by Defendant's Counsel and Plaintiffs' Lead Counsel.

J.  <u>Continuing Jurisdiction and Exclusive Venue:</u> Except as otherwise provided in this Agreement, each of the Parties, each member of the Settlement Class, and each of the Releasing Parties that are otherwise subject to the jurisdiction of a United States court hereby irrevocably submits to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Florida for any suit, action, proceeding, case, controversy, or dispute arising from or related to this Agreement and/or Exhibits hereto and the negotiation, performance, or breach of same.

K.  <u>Authority:</u>   Each of the undersigned represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement. Each of the undersigned shall use his or her reasonable efforts to effectuate this Settlement Agreement.

L.  <u>No Party is the Drafter</u>: None of the Parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

M.  <u>Computation of Time</u>: In computing any period of time prescribed or allowed by this Settlement Agreement, the provisions of Federal Rule of Civil Procedure 6 shall govern.

N.    <u>Signatures</u>: The signatories to this Settlement Agreement may execute it in counterparts, each of which shall be deemed an original.   Signatures may be provided electronically, via facsimile, or in PDF.

By:_____      Dated: November 26, 2019.
Brandon Leidel

By:_____      Dated: November 26, 2019.
Marc A. Wites, Wites Law Firm

By:_____      Dated: November ___, 2019.
David C. Silver, Silver Law Group

COINBASE, INC.

By:_____      Dated: November ___, 2019.

Name: Brian Brooks

Title: Chief Legal Officer

By:_____      Dated: November ___, 2019.
Laura A. Stoll, Defendant Coinbase's Counsel

RECEIVER

By:_____      Dated: November ___, 2019
James Sallah, in his capacity as Receiver and on
behalf of the Receivership Estate, as to only the
Release contained in this Settlement Agreement

By:_____      Dated: November ___, 2019.
Marc A. Wites, Receiver's Counsel

N.    <u>Signatures</u>: The signatories to this Settlement Agreement may execute it in counterparts, each of which shall be deemed an original.    Signatures may be provided electronically, via facsimile, or in PDF.

By:_____        Dated: November ___, 2019.
Brandon Leidel

By:_____        Dated: November ___, 2019.
Marc A. Wites, Wites Law Firm

By:_____        Dated: November 26 2019.
David C. Silver, Silver Miller

COINBASE, INC.

By:_____        Dated: November ___, 2019.

Name: Brian Brooks

Title: Chief Legal Officer

By:_____        Dated: November ___, 2019.
Laura A. Stoll, Defendant Coinbase's Counsel

RECEIVER

By:_____        Dated: November ___, 2019
James Sallah, in his capacity as Receiver and on
behalf of the Receivership Estate, as to only the
Release contained in this Settlement Agreement

By:_____        Dated: November ___, 2019.
Marc A. Wites, Receiver's Counsel

N.    <u>Signatures</u>: The signatories to this Settlement Agreement may execute it in counterparts, each of which shall be deemed an original.   Signatures may be provided electronically, via facsimile, or in PDF.

By:_____          Dated: November ____, 2019.
Brandon Leidel

By:_____          Dated: November ____, 2019.
Marc A. Wites, Wites Law Firm

By:_____          Dated: November ____, 2019.
David C. Silver, Silver Law Group

COINBASE, INC.

By: _Brian Brooks_____               Dated: November 26, 2019.

Name: Brian Brooks

Title: Chief Legal Officer

By:_____          Dated: November ____, 2019.
Laura A. Stoll, Defendant Coinbase's Counsel

RECEIVER

By:_____          Dated: November ____, 2019
James Sallah, in his capacity as Receiver and on
behalf of the Receivership Estate, as to only the
Release contained in this Settlement Agreement

By:_____          Dated: November ____, 2019.
Marc A. Wites, Receiver's Counsel

N.    <u>Signatures</u>: The signatories to this Settlement Agreement may execute it in counterparts, each of which shall be deemed an original.   Signatures may be provided electronically, via facsimile, or in PDF.


By:_____          Dated: November ___, 2019.
Brandon Leidel


By:_____          Dated: November ___, 2019.
Marc A. Wites, Wites Law Firm


By:_____          Dated: November ___, 2019.
David C. Silver, Silver Miller


COINBASE, INC.

By:_____          Dated: November ___, 2019.

Name: Brian Brooks

Title: Chief Legal Officer

By:_____          Dated: November 27, 2019.
Laura A. Stoll, Defendant Coinbase's Counsel


RECEIVER

By:_____          Dated: November ___, 2019
James Sallah, in his capacity as Receiver and on
behalf of the Receivership Estate, as to only the
Release contained in this Settlement Agreement

By:_____          Dated: November ___, 2019.
Marc A. Wites, Receiver's Counsel

N.    Signatures: The signatories to this Settlement Agreement may execute it in counterparts, each of which shall be deemed an original.    Signatures may be provided electronically, via facsimile, or in PDF.


By:_____          Dated: November ___, 2019.
Brandon Leidel


By:_____          Dated: November ___, 2019.
Marc A. Wites, Wites Law Firm


By:_____          Dated: November ___, 2019.
David C. Silver, Silver Law Group


COINBASE, INC.

By:_____          Dated: November ___, 2019.

Name: Brian Brooks

Title: Chief Legal Officer


By:_____          Dated: November ___, 2019.
Laura A. Stoll, Defendant Coinbase's Counsel


RECEIVER

By:_____          Dated: November 26, 2019
James Sallah, in his capacity as Receiver and on
behalf of the Receivership Estate, as to only the
Release contained in this Settlement Agreement

By:_____          Dated: November 26, 2019.
Marc A. Wites, Receiver's Counsel

Exh. A

┌─────────────────────┐
│ **Your claim must** │
│ **be submitted or** │
│ **postmarked by:**  │
│ **_____, 2020**    │
└─────────────────────┘

**PROOF OF CLAIM AND RELEASE**

┌──────────────┐
│ **COINBASE** │
└──────────────┘

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BRANDON LEIDEL,                    **CASE NO. 9:16-cv-81992-MARRA**

individually, and on behalf of all
others similarly situated,

     Plaintiff,

v.

COINBASE, INC., a Delaware corporation
d/b/a, Global Digital Asset Exchange (GDAX),

     Defendant.

_____/

## I.  GENERAL INSTRUCTIONS

**IF YOU DID NOT MAKE A CLAIM IN THE CRYPTSY SETTLEMENT FROM THE CLASS ACTION STYLED** *Leidel, et al. v. Project Investors, Inc. d/b/a CRYPTSY, Paul Vernon, and Lorie Ann Nettles*, **Case No. 9:16-cv-80060-MARRA (the "Cryptsy Case")**

    1.  To recover as a Member of the Class based on your claims in this action entitled *Leidel et al. v. Coinbase, Inc.,* (the "Coinbase Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release form, and include the required supporting documents. If you fail to submit a timely and properly addressed (as set forth in paragraph 5 below) Proof of Claim and Release form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

**IF YOUR CLAIM IN THE CRYPTSY CASE WAS REJECTED**

    2.  To recover as a Member of the Class based on your claims in this action entitled *Leidel et al. v. Coinbase, Inc.,* (the "Coinbase Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release form, and include all supporting documents that you did not submit in the Cryptsy Case. If you do not submit any additional, new supporting documents, your claim will be rejected. If you fail to submit a timely and properly addressed (as set forth in paragraph 5 below) Proof of Claim and Release form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

**IF YOUR CLAIM IN THE CRYPTSY CASE WAS APPROVED AND PAID**

    3.  To recover as a Member of the Class based on your claims in this action entitled *Leidel et al. v. Coinbase, Inc.,* (the "Coinbase Litigation"), you need not take any action. You do not have to submit a Claim Form in order to receive a payment in this settlement. The approved claim that you submitted in the Cryptsy

Case will be deemed approved in this case, and you will receive a settlement payment in this Coinbase Litigation, provided that the Court approves the settlement.

4.     Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the settlement of the Coinbase Litigation.

5.     **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2020, ADDRESSED AS FOLLOWS:**

*Coinbase* Claims
Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), or if you submitted an approved and paid claim in the Cryptsy Case, DO NOT submit a Proof of Claim and Release form.

      6.      If you are a Member of the Class and you did not timely request exclusion in response to the Notice of Proposed Settlement dated _____, 2019, you are bound by the terms of any judgment entered in the Coinbase Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.  CLAIMANT IDENTIFICATION

You may submit a Claim if you are a member of the Class. You are a member of the Class if at any time between November 1, 2015 and the present, you were a Cryptsy account holder, and held at Cryptsy Bitcoins, alternative cryptocurrencies, or any other form of monies or currency that you are unable to access, trade or otherwise obtain. (You are not a Class Member, and cannot make a claim, if you are or were an employee of Cryptsy, including its shareholders, officers and directors and members of their immediate families, or if you opened an account at Cryptsy after the date that Coinbase closed the Coinbase accounts of Cryptsy and Paul Vernon, which was October 4, 2015.)

Use Part A of this form entitled "Claimant Identification" to identify yourself.

You must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.  CLAIM FORM

Use Part B of this form entitled "Schedule of Holdings" to supply all required details of your holdings at Cryptsy between November 1, 2015 and the present.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your holdings. You must also provide proof of your holdings, such as an account statement, screen shots, trade verifications or other documents that establish that you held such cryptocurrency at Cryptsy between November 1, 2015 and the present.  Failure to report all such transactions may result in the rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-888-868-4936 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

ACTIVE/101483640.2

| Your claim must be submitted or postmarked by: _____, 2020 | **PROOF OF CLAIM AND RELEASE** | **COINBASE** |

## PART A: CLAIMANT IDENTIFICATION

LAST NAME                    FIRST NAME                    M.I.

TELEPHONE NUMBER             EMAIL ADDRESS

### U.S. RESIDENT

ADDRESS          CITY          STATE          ZIP

SOCIAL SECURITY NUMBER **OR** TAXPAYER ID

### FOREIGN CLAIMANT

ADDRESS          CITY          FOREIGN PROVINCE

FOREIGN POSTAL CODE          FOREIGN COUNTRY NAME/ABBREVIATION

Passport Number or Personal Identification Number, and country where issued.  Please provide a complete copy of your passport and any other personal identification you may have.

DATE OF BIRTH (Day/Month/Year)

4

**PART B: SCHEDULE OF HOLDINGS AT CRYPTSY**

| TYPE OF CRYPTOCURRENCY | DATE PURCHASED/ QUANTITY PURCHASED | QUANTITY HELD BETWEEN 11/1/2015 AND THE PRESENT DATE |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Please identify any redemptions, returns, transfers or any other return or recovery of money or cryptocurrencies that you have already received associated with your holdings at Cryptsy held between November 1, 2015 and the present.  Such would include, but not be limited to, recoveries from claims and/or lawsuits that you threatened or filed, or any other source.  For each return/recovery of money or cryptocurrencies, provide the date you received same, from whom you received same, and the amount of money or cryptocurrencies recovered/returned.

Date                    Amount                         From Whom Did You Receive

_____          _____          _____

_____          _____          _____

_____          _____          _____

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Settlement Agreement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Florida, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Coinbase Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same Cryptsy holdings and know of no other person having done so on my (our) behalf.

## V.   RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, completely, and forever settle, release, and discharge all Released Claims against the "Released Party," which means Defendant Coinbase and its past, present, and future parents, predecessors, successors, partners, assigns, joint venturers, subsidiaries, affiliates, divisions, and each and all of their respective owners, investors, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual), but **expressly excludes** Paul Vernon and the Cryptsy Defendants (including without limitation natural persons, firms, corporations, officers, directors, shareholders, limited liability companies, members, managers, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, associations, partnerships, limited liability partnerships, partners, and their predecessors, successors, administrators, executors, heirs and assigns).

ACTIVE/101483640.2

2.      "Released Claims" means any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description, that a Releasing Party has or may have, including assigned claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, latent or patent, contingent or noncontingent, that is, has been, could have been or in the future might be asserted by the Releasing Party either in the Court or any other court or forum, regardless of legal theory, regardless of the source of law (federal, state, local, or international, and whether based upon common law or a statute or ordinance) and regardless of the type of relief or amount of damages claimed, against any of the Released Parties, arising from or related to the allegations in the Coinbase Litigation occurring, the conduct of the Cryptsy Defendants, or the accounts on the Coinbase platform that were owned or controlled, in whole or in part, by any of the Cryptsy Defendants, and occurring prior to the Effective Date.  The Released Claims include, but are not limited to, claims that any Released Party (a) aided and abetted any unlawful conduct of the Cryptsy Defendants; (b) conspired with the Cryptsy Defendants; (c) violated any duty under any source of law or otherwise was negligent in relation to the accounts on the Coinbase platform that were owned or controlled, in whole or in part, by any of the Cryptsy Defendants; or (d) was unjustly enriched in connection with the accounts on the Coinbase platform that were owned or controlled, in whole or in part, by any of the Cryptsy Defendants.

3.      This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement Agreement becomes effective on the Effective Date (as defined in the Settlement Agreement).

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

A.      I (We) hereby warrant and represent that I (we) have included the information requested about all of Cryptsy holdings which are the subject of this claim.

B.      I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this \_\_\_\_\_ day of _____ in _____
                                                                               (city, state zip)

_____         _____
(Sign your name here)                           (Sign your name here)

_____         _____
(Type or print your name here)                 (Type or print your name here)

                                                   _____

ACTIVE/101483640.2

_____
Capacity of Person Signing
(e.g., Beneficial Purchaser, Executor or
Administrator)

Capacity of Person Signing
(e.g., Beneficial Purchaser, Executor or
Administrator)

ACTIVE/101483640.2

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

**<u>REMINDER CHECKLIST</u>**

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation.

4. Do not send original documents.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE, OR IF MAILED, POSTMARKED NO LATER THAN _____, 2020 ADDRESSED AS FOLLOWS:**

COINBASE CLAIMS
ADMINISTRATOR ATTN: PROOF OF
CLAIM
1801 MARKET STREET, SUITE 660
PHILADELPHIA, PA 19103

ACTIVE/101483640.2

Exh. B

<u>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA</u>

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, <u>FAIRNESS HEARING, AND RIGHT TO APPEAR</u>

**If you were a CRYPTSY account holder and are unable to access your CRYPTOCURRENCY, you could get money from this class action settlement against Coinbase, Inc.**

<u>**Please read this notice carefully**</u>.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

<u>**Overview**</u>

**This Notice describes a settlement of a class action lawsuit against Coinbase, and how you can get money from the settlement or exclude yourself from the settlement. Your legal rights are affected whether you act or don't act. Read this notice carefully.**

<u>**Background**</u>

- On December 13, 2016, a class action lawsuit was filed against Defendant Coinbase, Inc., in the United States District Court for the Southern District of Florida (the "Coinbase Case"). The Honorable Kenneth A. Marra is the presiding judge. Judge Marra also presided over the previously filed and related class action against Project Investors, Inc. d/b/a Cryptsy ("Cryptsy") styled *Leidel, et al. v. Project Investors, Inc. d/b/a CRYPTSY, Paul Vernon, and Lorie Ann Nettles*, Case No. 9:16-cv-80060-MARRA (the "Cryptsy Case").

- The Cryptsy Case was based on the unlawful conduct of Cryptsy and its founder, Paul Vernon, including their theft of the cryptocurrencies of the Cryptsy account holders. Mr. Vernon closed Cryptsy, moved to China, refused to participate in the Cryptsy Case or return the cryptocurrency that he stole from Cryptsy account holders, and is not known to have returned to The United States. A Class Action Settlement was obtained in the Cryptsy Case, which was approved by Judge Marra. You can read about the completed Cryptsy Settlement at www.cryptsysettlement.com

- This Notice is about the Coinbase Case, which was brought on behalf of Cryptsy account holders in an effort to recover additional monies for them. The Coinbase Case is based on allegations that Cryptsy and Mr. Vernon stole the cryptocurrencies of Cryptsy account holders and that Defendant Coinbase unlawfully aided and abetted Cryptsy and Vernon in their theft by allowing them to have accounts on the Coinbase platform that they used, among things, to convert bitcoin to U.S. dollars.

- After almost three years of litigation, which included (but was not limited to) an appeal to the United States Court of Appeals for the Eleventh Circuit, 16 depositions of, among others, present and former employees of Coinbase and Cryptsy, motions to compel, expert witness discovery, and the briefing of motions for summary judgment and class certification, the parties reached a class action settlement of the Coinbase Case with the assistance in mediation of Judge (Retired) Howard A. Tescher.

- **The purpose of this notice is to advise you of your rights with respect to the Coinbase settlement.**

- If you are a Class Member and you submitted an approved claim in the class action settlement in the Cryptsy Case (i.e., you received a settlement payment in the Cryptsy Case), you do not have to take any action to submit a claim in this Coinbase Case. Your approved claim from the Cryptsy Case will be reviewed in this Coinbase

Case, and  you will receive a settlement payment in this Class Action Settlement, provided that the Court approves the settlement, as explained below.

- If you did not submit a claim in the Cryptsy Case, or if your claim in the Cryptsy Case was rejected, you may submit a claim in the Coinbase Case. If you submitted a claim in the Cryptsy Case and your claim was rejected, you must submit a claim form in this Coinbase Case but you need not resubmit any of the supporting materials you submitted with your Cryptsy Claim; you need only submit in this Coinbase Case any additional documents and materials to support your claim.

- This is **not** a lawsuit against you. Your participation in this lawsuit or acceptance of money from the settlement will not affect your employment status or compensation in any way.

- Please read this Notice carefully. **This Notice explains your legal rights and options—and the deadlines to exercise them.** Your legal rights will be affected whether you act or don't act, and you have choices to make now.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | **If you did not make a claim in the Cryptsy case, or if you made a claim in the Cryptsy Case that was rejected, and you do nothing in this Coinbase Settlement, you will not get a payment from this settlement**. You give up your rights to ever recover from Coinbase for the legal claims in this case if the settlement is approved. <br><br> **If you made a claim in the Cryptsy Case that was approved and paid, you do not have to take any action**.  Your Cryptsy claim will be  deemed approved and will be paid if this settlement is approved. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT | **Get no payment from the settlement.** This is the only way that you can file your own lawsuit or ever be part of any other lawsuit about the legal claims in this case against Coinbase. |
| SUBMIT A CLAIM FORM FOR YOUR SHARE OF THE SETTLEMENT | **If you did not submit a claim in the Cryptsy Case or if your claim in the Cryptsy Case was rejected, the only way to receive money from the settlement when the funds are distributed is by submitting a claim form by _____, 2020.** |
| OBJECT TO OR COMMENT ON THE SETTLEMENT | **Following the instructions in Question 24, write to the Court about why you like or do not like the settlement by no later than _____, 2020.** You may also ask to speak to the Court about your written comments or objections about the fairness of the settlement at the "Fairness Hearing" on _____, 2020, though you do not have to do so. To comment on or object to the settlement and request to speak at the "Fairness Hearing," you must act before _____, 2020. |
| GO TO THE COURT'S FAIRNESS HEARING ABOUT THE SETTLEMENT | If you would like, you may ask to speak in Court about the fairness of the settlement if you follow the instructions in Question 24 of this Notice. You do not need to speak to the Court to receive benefits under the settlement. |

The above bullet points and charts provide summary information regarding the lawsuit against Coinbase. The remainder of this Notice is designed to provide more information to help you evaluate your options and answer any questions that you may have.

The Court in charge of this case still has to approve the settlement. Payments will be made if the Court approves the settlement and orders that the settlement funds be distributed, and if any appeals of the Court's approval of the settlement are resolved in favor of the settlement. Please be patient.

| WHAT THIS NOTICE CONTAINS |
| --- |

**BASIC INFORMATION** ....................................................................................................................**PAGE X**
1. Why did I get this Notice?
2. What is this lawsuit about?
3. Why is this a class action, and who is involved?
4. Why is there a settlement?
5. What if I made a claim in the Cryptsy Case and received a Settlement Payment?
6. What if I made a claim in the Cryptsy Case and did not receive a Settlement Payment?
7. What if I did not make a claim in the Cryptsy Case?

**WHO IS IN THE SETTLEMENT AND THE CLASS ACTION LAWSUIT?** ......................................................**PAGE X**
8. Am I a Class Member who is part of the settlement?
9. I'm still not sure if I am included.
10. Is the Receiver from the Cryptsy Case involved in this settlement?
11. What are my rights as a Class Member?

**THE SETTLEMENT BENEFITS** ........................................................................................................ **PAGE X**
12. What does the settlement provide?
13. How much money can I get from the settlement?

**SUBMITTING A CLAIM FORM FOR A SHARE OF THE SETTLEMENT** ..................................................... **PAGE X**
14A. How can I get money from the settlement? (For Class Members who submitted approved and paid claims in the Cryptsy Case).
14B   How can I get money from the settlement? (For Class Members who submitted a claim in the Cryptsy Case that was rejected or who did not make a claim in the Cryptsy Case).
15. When will I get my payments?
16. What am I giving up to get payments under the settlement?

**THE LAWYERS REPRESENTING YOU** ............................................................................................. **PAGE X**
17. Who represents me in this case?
18. Should I get my own lawyer?
19. How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................................................... **PAGE X**
20. How do I get out of the settlement?

**EXCLUDING YOURSELF FROM THE ONGOING LAWSUIT** ................................................................... **PAGE X**
21. How do I get out of the ongoing lawsuit?
22. If I don't exclude myself, can I sue the Defendant for the same thing later?
23. If I exclude myself, can I get money from this case?

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT** ................................................................. **PAGE X**
24. How do I tell the Court that I like or don't like a proposed settlement, and may I speak at the hearing?
25. What is the difference between objecting and excluding?

THE COURT'S FAIRNESS HEARING .................................................................................................... PAGE X
    26.   When and where will the Court decide whether to approve the settlement?
    27.   Do I have to come to the Fairness Hearing?
    28.   May I speak at the hearing?

IF YOU DO NOTHING ................................................................................................................................. PAGE X
    29.   What happens if I do nothing at all?

GETTING MORE INFORMATION ............................................................................................................. PAGE X
    30.   Are more details about the settlement and the lawsuit available?
    31.   How do I get more information?

## BASIC INFORMATION

### 1.  Why did I get this Notice?

You received this Notice because records recovered from Cryptsy indicate you may have had a Cryptsy Account, you requested a copy of the Notice through a toll-free number or contacted the lawyers involved in this case or the Claims Administrator.

**The Court directed the parties to send you this Notice because Class Members have the right to know about the settlement of this class action lawsuit, and about their legal rights and options, before the Court holds a "Fairness Hearing" to decide whether to grant final approval of the settlement.**

This Notice explains the lawsuit, the settlement, and your legal rights. It also explains what benefits from the settlement will be available, when they will be available, who is eligible for them, and how to obtain them. If the Court approves the settlement and orders that the settlement funds be distributed and if any appeals of the Court's approval of the settlement is resolved in favor of the settlement, an administrator appointed by the Court will make the payments that the settlement allows.

The Court has preliminarily approved the settlement. If you are a Class Member, you have legal rights and options that you may exercise before the Court considers whether it will grant final approval to the proposed settlement at the "Fairness Hearing."  The Court will hold the Fairness Hearing on _____, 2020, to decide whether the proposed settlement is fair, reasonable, and provides adequate compensation and benefits to the members of the Class.

If you wish to comment on (including object to) or exclude yourself from the settlement, you must do so following the procedures described below. If you do nothing, you will not receive any money from the settlement, but you will be bound by any final judgment.

### 2.  What is this lawsuit about?

On December 13, 2016, Plaintiff filed this class action on behalf of himself against Coinbase. The Coinbase Case was brought on behalf of account holders in a cryptocurrency exchange known as "Cryptsy". Cryptsy operated an online business for customers to exchange, invest, and trade in digital cryptocurrencies, such as "Bitcoin" and "Litecoin." Cryptsy customers, including Plaintiff and the Class, deposited their digital currency in accounts held at, and  purportedly protected and managed  by, Cryptsy. In the Cryptsy Case, Plaintiffs alleged that Cryptsy and its founder, Paul Vernon, acted unlawfully by denying the Class the ability to withdraw or use the funds in their accounts and by stealing for their own use and benefit the digital currency held in the Cryptsy customer accounts. A settlement was reached in the Cryptsy Case, which was approved by the same Court presiding over this Coinbase Case.

The Coinbase Case alleges that Coinbase unlawfully aided and abetted the conduct of Cryptsy and Vernon by allowing them to have accounts on the Coinbase platform or that Coinbase was negligent by, for example, failing to employ proper due diligence and other supervisory procedures over the accounts that Cryptsy and Vernon controlled on the Coinbase platform. The Coinbase Case also alleges that Cryptsy and Vernon used their accounts on the Coinbase platform to convert to U.S. Dollars the cryptocurrency that Cryptsy and Vernon allegedly stole from the Cryptsy account holders who are the Class Members in this lawsuit. Plaintiff alleged that Coinbase knew or should have known that Cryptsy and Vernon were engaged in such unlawful conduct, and assisted Cryptsy and Vernon by allowing them to open and maintain accounts on the Coinbase platform
.

Coinbase denied these allegations, and contended that it did not know about any of the alleged theft, did not have any reason to know of the alleged theft, and did not have any legal responsibility for the alleged actions of Cryptsy and Vernon.

To obtain more information about the claims and defenses in this lawsuit, you can view the complaint, the answer, and other court documents in this case at www.coinbasesettlement.com.

### 3.  Why is this a class action, and who is involved?

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people who have similar claims. The people with similar claims are a "Class" and are called "Class Members." Named Plaintiff Brandon Leidel, who had a Cryptsy account, is the Class Representative in this case. The Class Members include other Cryptsy account holders, as described more fully in this notice. Plaintiffs and Defendant Coinbase have agreed to settle this class action, and agreed for purposes of settlement that the case should proceed as a class action, subject to the Court's approval.

### 4.  Why is there a settlement?

The Court has not found in favor of Plaintiff or Defendant. While the lawsuit is still pending before the United States District Court, Plaintiff and Coinbase have agreed to a settlement which, if it is approved, will bring the claims against Coinbase to an end. That way, Plaintiff and Coinbase avoid the uncertainty of continuing the case between them and the cost of further litigation, and Class Members will get the benefits of the settlement. The Class Representative and his attorneys think the settlement is best for everyone who allegedly was harmed by Coinbase's alleged conduct, given the payment to be made available to Class members and the uncertainty of how the claims and defenses would be resolved in the event that the litigation continued.

### 5.  What if I made a claim in the Cryptsy Case and received a Settlement Payment?

If (a) you made a claim in the Cryptsy Case, (b) your claim was approved, and (c) you received a settlement payment, you need not take any action to submit a claim in this Coinbase Settlement. Your claim from the Cryptsy Settlement will be deemed approved and paid in this Coinbase Case, provided that the Court approves the settlement.

### 6.  What if I made a claim in the Cryptsy Case and did not receive a Settlement Payment?

If (a) you made a claim in the Cryptsy Case, (b) your claim was not approved, and (c) you did not receive a settlement payment, you must submit a claim to receive any payment from this Coinbase Case. To submit a claim in this Coinbase Case, you must properly and timely submit the Claim Form. You need not include with your Claim Form any supporting materials that you submitted with your Claim Form in the Cryptsy Case, but to receive a payment in this Coinbase Case you must submit additional materials to satisfy the requirements for the

submission of a valid claim. If you do not submit any additional supporting materials, your claim in this Coinbase Case will not be approved.

| **7.  What if I did not make a claim in the Cryptsy Case?** |
|---|

You must submit a claim in this Coinbase Case to receive any payment from this Coinbase Case if you did not submit a claim in the Cryptsy Case. You should fully complete and timely submit a Claim Form in this Coinbase Case and include with your Claim Form all required supporting materials.

## WHO IS IN THE SETTLEMENT AND THE CLASS ACTION LAWSUIT?

**8. Am I a Class Member who is part of the settlement?**

In general, individuals who are Cryptsy account owners who held Bitcoin, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy as of November 1, 2015, and are unable to access their cryptocurrency may be Class Members who are eligible for a payment from the settlement when the funds are distributed. (Excluded from the Class are all employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families, as well as any person or entity that opened an account at Cryptsy after the date that Coinbase closed the accounts of Cryptsy and Paul Vernon on the Coinbase platform, which are known as the Cryptsy, Vernon and Mintsy accounts, which was October 4, 2015.)

**9.   I'm still not sure if I am included.**

If you received this Notice, you contacted Class Counsel and provided information that indicates that you may be a potential Class Member, or your contact information was discovered in records of Cryptsy dated as of January 1, 2014. If you are still not sure whether you are included, you can get help at www.coinbasesettlement.com or by calling 1-888-XXX-XXXX.

**10. Is the Receiver from the Cryptsy Case involved in this settlement?**

A Receiver is a person appointed by the Court to typically preserve the assets and property of a company in financial distress or subject to claims of wrongdoing. In the Cryptsy case, the Court appointed a Receiver at the request of Plaintiffs and their lawyers (known as Class Counsel, as described below). Plaintiffs filed a motion in the Cryptsy Case to ask the Court to appoint a Receiver because Plaintiffs wanted to ensure that Cryptsy, Paul Vernon and others did not attempt to hide, sell or otherwise keep from Plaintiffs and the Class monies and assets to satisfy any judgment obtained in that case, and likewise to recover monies and assets for the benefit of the Class. The Receiver is not a party in the Coinbase Case but he agrees that this settlement is in the best interest of the Class and he is, as part of the settlement, releasing claims of the Receivership Estate against Coinbase.

**11.  What are my rights as a Class Member?**

**If you submitted a claim in the Cryptsy Case that was approved and paid**, you have the right to (1) do nothing, in which case your Cryptsy Claim will be deemed approved, processed and paid in this Coinbase Case provided that the Court approves the settlement, (2) submit any additional materials that you believe show that you had more cryptocurrency in your Cryptsy Account than you submitted with your Cryptsy Claim, (3) exclude yourself from the settlement (*see* Question 20), (4) comment on or object to the settlement (*see* Question 24), and/or (5) attend the Court's Fairness Hearing to speak in support of or against the Court's final approval of the settlement (*see* Question 28).

**If you submitted a claim in the Cryptsy Case that was rejected or if you did not submit a claim in the Cryptsy Case**, you have the right to (1) do nothing, in which case you will not receive a payment and will waive any rights to pursue a lawsuit of your own against Coinbase and the other parties released in the settlement, (2) submit a Claim Form to receive a payment from the Settlement Funds (*see* Question 14), (3) exclude yourself from the settlement (*see* Question 20), (4) comment on or object to the settlement (*see* Question 24), and/or (5) attend the Court's Fairness Hearing to speak in support of or against the Court's final approval of the settlement (*see* Question 28).

## THE SETTLEMENT BENEFITS

Plaintiff, the Class and Coinbase entered a Settlement Agreement.  The Settlement Agreement is available for your review at www.coinbasesettlement.com. You can also review the Settlement Agreement by visiting www.pacer.gov, or by contacting the Clerk of Court. The following pages provide a summary of the Settlement Agreement, and your rights and options under the Settlement Agreement.

| 12.  What does the settlement  provide? |
|---|

Coinbase has agreed to create a Settlement Fund of $962,500. After deducting attorneys' fees, costs, applicable taxes, and other monies, fees and expenses (*see* Question 19), the Settlement Fund will be distributed to Class Members who file valid claims.

As a Settlement Class Member, you will give up, or "release," your claims against Coinbase.  The release includes any claims made or that could have been made arising from or related to the facts alleged in this lawsuit.  The releases are described in more detail in the Settlement Agreement and in Question 16 below.

| 13.  How much money can I get from the settlement? |
|---|

Class Members who submitted a valid claim in the Cryptsy Case or who submit a valid Claim Form in this Coinbase Case are called "claimants" and will be eligible to receive a share of the Settlement Fund if and when the Settlement Fund is distributed. The Claims Administrator, with the assistance of Class Counsel, determined in the Cryptsy Case the market value, as of November 1, 2015, of the cryptocurrency(ies) held by Class Members that submitted valid claims. The same valuation and plan of allocation approved by the Court in the Cryptsy Case will be used in this Coinbase Case. Each Class Member submitting a valid claim shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its claim compared to the total number of valid claims, but in no event will any Class Member receive more than 100 percent of the Class Member's unreimbursed losses or damages from the Net Settlement Fund. There is no way to determine, in advance, how many Class Members will make claims from the Net Settlement Fund. Class Members who do not submit valid claims will not share in the proceeds of the Net Settlement Funds, but will nevertheless be bound by this Settlement.

The proposed Plan of Allocation is contained in the Settlement Agreement which is available for review at www.coinbasesettlement.com, and will be presented for approval by the Court at the Fairness Hearing (*see* Question 26).

## SUBMITTING A CLAIM FORM FOR A SHARE OF THE SETTLEMENT

| 14(A).  How can I get money from the settlement? (For Class Members who submitted approved and paid claims in the Cryptsy Case). |
|---|

If (a) you made a claim in the Cryptsy Case, (b) your claim was approved, and (c) you received a settlement payment, you need not take any action to submit a claim and get money in this Coinbase Case. Your claim from the Cryptsy Case will be , deemed approved and paid in this Coinbase Case, provided that the Court approves the settlement. (If you wish to submit additional materials that show that you had more cryptocurrency at Cryptsy than you submitted with your Cryptsy Claim, you may do so by submitting a new Claim Form and the new supporting materials).

| 14(B).  How can I get money from the settlement? (For Class Members who submitted a claim in the Cryptsy Case that was rejected or who did not submit a claim in the Cryptsy Case). |
|---|

**IF YOUR CLAIM IN THE CRYPTSY CASE WAS REJECTED, OR IF YOU DID NOT MAKE A CLAIM IN THE CRYPTSY CASE, YOU MUST DO THE FOLLOWING TO GET MONEY FROM THIS SETTLEMENT.**

If you fall within the Class definition, you may receive money from the settlement.

To receive money from the settlement, you must complete and submit a Claim Form, either online at www.coinbasesettlement.com, or by mail. A copy of the Claim Form is included with this Notice. Please read this Notice and the Claim Form carefully. You must either complete and submit the form online no later than **_____, 2020, or complete the included form manually, sign it, and mail it postmarked no later than _____, 2020, to the Claims Administrator at the address listed in the Claim Form.** If necessary, you may download and print out a Claim Form from the website www.coinbasesettlement.com.

*Please note that the Claim Form must be signed.* By signing your Claim Form, you will be swearing that the information you submit is true and accurate. You will also be authorizing the Claims Administrator to contact you for more information to help evaluate your Claim.

**IF YOU DO NOT SUBMIT YOUR SIGNED CLAIM FORM WITH THE REQUIRED SUPPORTING DOCUMENTS BY THIS DEADLINE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND.**

As part of your Claim, you should provide as much documentation as you can supporting your claim, including your status as a Cryptsy account holder and specifically the type and amount of cryptocurrency you held at Cryptsy as of November 1, 2015 and which you can no longer access. All information provided will be treated as confidential and will be used only for the purpose of reviewing and administering your Claim.

Examples of documentation you might have to support your claim include screen shots of your holdings at Cryptsy or account statements. You may have other types of supporting documentation. You should submit whatever you have. Please note that it appears that Paul Vernon or someone under his direction destroyed all of Cryptsy's database records and, as a result, the only way to establish your claim is through your submission of records that evidence your ownership of cryptocurrency held at Cryptsy as of November 1, 2015. Class Counsel asked Vernon to provide copies of the records that show all of the holdings of the Class, and likewise continue to search for such records. To date, Vernon has failed to respond to or comply with such requests.

If there is a balance remaining in the Settlement Fund 180 days after the last check is issued to pay all valid Claims , the Claims Administrator will, if feasible, distribute any remaining balance by way of *pro rata* payments to Class Members who submitted valid Claims and who cashed their checks, but in no event will any Class Member receive more than 100 percent of the Class Member's unreimbursed losses or damages from the Net Settlement Fund. Thereafter, any remaining balance, if any, will revert and be paid to Coinbase.

If you have any problems with the Claim Form or questions about how to submit your claim, please call the Claims Administrator at the telephone number printed at the bottom of this page.

| 15.  When will I get my payments? |
|---|

The Court will hold a final Fairness Hearing on _____, **2020** to decide whether to approve the settlement. If the Court approves the settlement, there still may be appeals of that decision. If an appeal is filed, it is hard to estimate how long it might take for it to be resolved, but it can take a lot of time, perhaps more than a year. Settlement payments to Settlement Class Members will be distributed if the settlement is approved, and after appeals, if any, are resolved.

Updates regarding the settlement and when payments may be made will be posted on the settlement website, www.coinbasesettlement.com.

| 16.  What am I giving up to get a payment under the settlement? |
| --- |

If you are a Class Member, unless you exclude yourself from the settlement, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Coinbase about the legal claims in this case. It also means that all of the Court's orders will apply to you and legally bind you, and that you agree to the "Releases of Claims" contained in the Settlement Agreement, which describe exactly the legal claims that you give up if you get settlement benefits.

You may view the release in the Settlement Agreement at www.coinbasesettlement.com.

**By participating in this settlement, you are not giving up your right to receive payments from any future settlements, monies obtained from, and/or or a trial against, Cryptsy's founder Paul Vernon, or any other person or entity, with the exception of Coinbase and the other persons and entities covered by the release in the Settlement Agreement.**

## THE LAWYERS REPRESENTING YOU

| 17. Who represents me in this case? |
|---|

The Court appointed the law firms of Wites Law Firm and Silver Miller Law to represent you and other Class Members. Their contact information is as follows:

| Marc A. Wites | David C. Silver |
|---|---|
| WITES LAW FIRM<br>4400 N. Federal Highway<br>Lighthouse Point, Florida 33064<br>Phone: 954-570-8989<br>mwites@witeslaw.com | SILVER MILLER<br>11780 W. Sample Road<br>Coral Springs, Florida 33065<br>Phone: (954) 755-4799<br>dsilver@silvermillerlaw.com |

These lawyers are called Co-Lead Counsel and Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

| 18. Should I get my own lawyer? |
|---|

You do not need to hire your own lawyer because Plaintiffs' Counsel are working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your lawyer to appear in Court for you if you want someone other than Plaintiffs' Counsel to speak for you. You may also appear for yourself without a lawyer.

| 19. How will the lawyers be paid? |
|---|

The Settlement Agreement authorizes Co-Lead Counsel to seek an award of attorney's fees of up to 33.33% of the Settlement Fund, plus expenses and costs, which also will be paid from the Settlement Fund.

In addition, Co-Lead Counsel will ask the Court to award Plaintiff Brandon Leidel in this Action a service award of $2,500 for his time and effort in acting as the Class Representative. Mr. Leidel participated in this case in many ways, such as reviewing and approving documents filed in the case, responding to discovery requests, producing documents, attending a full-day deposition, and attending mediation. The Service Award shall be paid when the Settlement Funds are distributed to Class members who have submitted valid claims.

You will not be billed or charged for any of Class Counsel's fees, costs, or expenses. If the Court grants Counsel's requests,
all fees, costs, and expenses will be deducted from any money obtained for the Class.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

| **20. How do I get out of the settlement?** |
| --- |

If you fall within the Class definition but don't want a payment from the settlement or you want to keep the right to sue or continue to sue Coinbase (at your own expense) about the legal issues in this case, then you must "opt out" of the settlement. This is called excluding yourself from, or opting out of, a settlement Class.

To exclude yourself from (opt out of) the settlement, you must send a letter stating that you want to be excluded from the Coinbase Litigation, Case No.: 9:16-cv-81992. Be sure to include your name, address, telephone number, and your signature. **You must mail your exclusion request postmarked no later than _____, 2020 to**:

Coinbase Litigation
EXCLUSIONS
Claims Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

You cannot exclude yourself on the phone or by fax or e-mail – you must do so in writing. If you request to be excluded, you will not receive any money from the Settlement, and you cannot object to the Settlement. However, you will not be legally bound by anything that happens in this lawsuit, and you will keep your right to separately pursue claims against Defendant Coinbase relating to the subject matter of this lawsuit.

If you ask to be excluded from the settlement, you will not get any payment from the settlement, and you cannot object to that settlement.

| **22. If I don't exclude myself, can I sue Defendant Coinbase for the same thing later?** |
| --- |

No.  If you are a Class member, unless you exclude yourself from the settlement, you give up the right to sue Coinbase for the claims that the settlement resolves as more fully described in Question 16 above.

If you have a pending lawsuit against Coinbase, speak to your lawyer in that lawsuit immediately, because you may need to exclude yourself to continue your own lawsuit. The process for excluding yourself from the settlement and/or the ongoing lawsuit is described in the preceding sections.

| **23. If I exclude myself, can I get money from this case?** |
| --- |

No.  If you exclude yourself from the settlement, you will not receive money under the settlement even if you submit a Claim Form.  But, by excluding yourself, you keep any rights to sue on your own about the same legal claims in the lawsuit should you want to do so.

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT**

| **24. How do I tell the Court that I like or don't like a proposed settlement, and may I speak at the hearing?** |
|---|

If you are a Class Member, you can object to the Settlement if you do not like any part of the settlement including the proposed award of attorneys' fees and expenses, and the proposed service award to Plaintiff, and the Court will consider your views. To object, you must send a letter to the Court, Class Counsel, and Defendants' Counsel saying that you object to the Settlement in the Coinbase Litigation, Case No.: 9:16-cv-81922. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement. You also must affirm under penalty of perjury that you are a Class Member and provide proof of Class Membership. If you are represented by counsel, be sure to include the name, address, and telephone number of that lawyer.

Your objection **must be mailed to and actually received** at all of the following different **locations no later than _____, 2020**. Send your objection to:

Clerk of Court:                                          Defendants' Counsel:

| | |
|---|---|
| Paul G. Rogers Federal Building and U.S. Courthouse 701 Clematis Street, Room 202 West Palm Beach, FL 33401  Class Counsel:  Marc A. Wites Wites Law Firm 4400 N. Federal Highway Lighthouse Point, Florida 33064 | Laura J. Stall Goodwin Procter LLP 601 South Figueroa Street 41st Floor, Los Angeles, CA 90017 (213) 426-2500 |

You do not need to attend or speak at the Fairness Hearing (described in Question 26 below) for your comments or objections to be considered. If you would like to speak at the Fairness Hearing about your comments or objections to the settlement, you must add to your letter a statement that you intend to appear and speak at the hearing, for example, by stating "This is my Notice of Intention to Appear in Coinbase Litigation."

You will have no right to speak at the hearing about the settlement or object if you choose to exclude yourself from the settlement, because the settlement no longer affects you if you opt out of it.

| **25.  What is the difference between objecting and excluding?** |
|---|

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. If you object, you will remain in the Class and will be bound by the proposed Settlement if the Court approves the Settlement, despite your objection. If you object, you can also participate in the Settlement benefits described above. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. You cannot request exclusion and object to the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. Class Members who do exclude themselves may, if they wish, enter an appearance through their own counsel.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.
You may attend, and you may ask to speak, but you don't have to.

### 26.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Settlement Hearing at __:00 a.m./p.m. on _____, 2020 at the Courtroom of the Honorable Kenneth A. Marra, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, Courtroom #4, West Palm Beach, FL 33401. The hearing date may be changed by the Court, and you should check www.coinbasesettlement.com for any updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. The Court also may consider how much to award Co-Lead Counsel and the amount of the service award for Plaintiff. We do not know how long this decision will take.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this Notice.  Be sure to check the website, www.coinbasesettlement.com for news of any such changes.

### 27.  Do I have to come to the Fairness Hearing?

No. Co-Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered your written objection on time, the Court will consider it. You may attend (at your own expense) or pay your own lawyer to attend, but it is not necessary.

### 28.  May I speak at the hearing?

You may ask the Court for permission to speak at the Final Settlement Hearing. To do so, you must file with the Court a "Notice of Intention to Appear." Be sure to include your name, address, telephone number, and your signature. You may be required also to provide proof that you are a Class Member. Your Notice of Intention to Appear must be filed no later than _____, 2020, and must be served on the Clerk of the Court, Co-Lead Counsel, and Defendants' counsel at the addresses listed in section 24, above. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

### 29(A).  What happens if I do nothing at all? (For Class Members who submitted approved and paid claims in the Cryptsy Case).

If (a) you made a claim in the Cryptsy Case, (b) your claim was approved, and (c) you received a settlement payment, you need not take any action to submit a claim and get money in this Coinbase Case. Your claim from the Cryptsy Case will be deemed approved and paid in this Coinbase Case, provided that the Court approves the settlement. (If you wish to submit additional materials that show that you had more cryptocurrency at Cryptsy than you submitted with your Cryptsy Claim, you may do so by submitting a new Claim Form and the new supporting materials).

**29B What happens if I do nothing at all? (For Class Members who submitted a claim in the Cryptsy   Case that was rejected or who did not submit a Claim in the Cryptsy Case).**

If you submitted a claim in the Cryptsy Case that was rejected or if you did not submit a claim in the Cryptsy Case and you do nothing, you will get no money from the settlement with Coinbase, and claims you have against Coinbase will be released unless you separately write to exclude yourself (following the instructions in Question 20). This means you won't be able to collect any money damages from Coinbase in this lawsuit or another lawsuit for its alleged conduct. To qualify to receive any money from the settlement with Coinbase, you must submit a Claim Form, following the instructions in Question 14 and in the Claim Form.

## GETTING MORE INFORMATION

**30.  Are more details about the settlement and the lawsuit available?**

Yes. This Notice summarizes the settlement. More details about the settlement are in the proposed Settlement Agreement itself. You can see or print copies of the Settlement Agreement at www.coinbasesettlement.com. More information about the ongoing class action lawsuit can also be viewed or printed at www.coinbasesettlement.com

**31.  How do I get more information?**

The website www.coinbasesettlement.com provides more information about the lawsuit and the settlement. In addition, if you have any questions about the lawsuit or this Notice, you may:

- ☐ Visit the Settlement website at www.coinbasesettlement.com

- ☐ Visit the Public Access to Court Electronic Records ("PACER") website:  www.pacer.gov to review the Settlement Agreements by clicking on the "Find a Case" option and searching by Case Number for 9:16-cv-81992

- ☐ Contact Co-Lead Class Counsel at:
  Marc A. Wites
  Wites Law Firm
  4400 N. Federal Highway
  Lighthouse Point, Florida 33064
  (954) 933-4400

- ☐ Call the Claims Administrator toll free 1-888-xxx-xxxx

- ☐ Write or fax to:
  Coinbase Administrator
  1801 Market Street, Suite 660
  Philadelphia, PA 19103
  Facsimile: 1-215-525-0209

**PLEASE DO NOT CONTACT THE COURT.**
**YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE ABOUT THE NOTICE AND/OR CLAIM FORM TO THE CLAIMS ADMINISTRATOR AND/OR TO PLAINTIFF'S COUNSEL.**
You may also seek the advice and counsel of your own attorney at your own expense, if you desire.