UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:16-cv-81992-MARRA**

BRANDON LEIDEL, individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.

COINBASE, INC., a Delaware corporation
d/b/a, Global Digital Asset Exchange (GDAX),

    Defendant.
_____/

**FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED
ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD
FOR CLASS REPRESENTATIVE, NOTICE AND CLAIMS ADMINISTRATION
<u>EXPENSES, AND FINAL JUDGMENT</u>**

THIS CAUSE comes before the Court pursuant to the Plaintiff's Motion for Approval of Class Action Settlement [D.E. 150] and Motion for Attorney's Fees, Expenses and Service Awards [D.E. 151]. The Court has considered the Motions, heard argument of counsel, and is otherwise fully advised in the premises and enters the following Order.

**I.    INTRODUCTION**

This nationwide class action is brought by Plaintiff, individually and on behalf of a class of similarly situated users (the "Class Members") of Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), against Defendant Coinbase, Inc., a Delaware corporation, d/b/a, Global Digital Asset Exchange (GDAX)("Coinbase").

This case follows a prior and related case previously before this Court, in which I certified a virtually identical class that asserted claims based on the same underlying conduct at issue here in the matter styled *Leidel, et al. v. Project Investors, Inc. d/b/a CRYPTSY, Paul Vernon, and Lorie Ann Nettles*, Case No. 9:16-cv-80060-MARRA (the "Cryptsy Case"). The Cryptsy Case concerned

the conduct of Paul Vernon and Cryptsy, a cryptocurrency exchange, in unlawfully converting for their own use the cryptocurrency of the Cryptsy Class. This Court granted preliminary and final approval to the class action settlement in the Cryptsy Case. Cryptsy Case at D.E. 100 and 118.

The instant related class action asserts claims on behalf of essentially the same Class against Defendant Coinbase, a California headquartered cryptocurrency exchange, based on the allegation that Defendant Coinbase unlawfully aided and abetted that conversion by allowing Cryptsy and Vernon to have accounts on the Coinbase platform. Plaintiff alleged that the Defendant Coinbase aided and abetted Cryptsy and its founder, Paul Vernon ("Vernon")(Cryptsy and Vernon collectively referred to herein as the "Cryptsy Defendants") in their unlawful conduct by allowing Cryptsy and Vernon to have accounts on the Coinbase platform.

## II. BACKGROUND

1. On January 13, 2016, Plaintiff Leidel (and others) filed the Cryptsy Case. This Court appointed James D. Sallah as Receiver. Cryptsy Case, D.E. 33. Although unopposed, this Court certified the Class in the Cryptsy Case (*id*. at D.E. 59 and 65).

2. Class Counsel (the same counsel here) and the Receiver reached a settlement with the participating defendants in the Cryptsy Case, which this Court approved. Cryptsy Case, D.E. 118. In total, 681 Class Members submitted approved claims in the Cryptsy Case. *See* Cryptsy Case, D.E. 135 at ¶3.

3. Plaintiff and the Class also obtained a judgment against Vernon awarding the Class at least some of the very bitcoin that Vernon stole from them. *Id*. at D.E. 123, Exh. AA.

4. On December 13, 2016, Plaintiff filed the instant class action lawsuit against Coinbase, alleging that Coinbase aided and abetted the Cryptsy Defendants in their breach of fiduciary duty and conversion of the Class' cryptocurrencies and were otherwise negligent and

unjustly enriched by their conduct. D.E. 1.

5. According to Plaintiff's motion for final approval of this Settlement, the Parties conducted extensive discovery in the Action, including, but not limited to, the exchange and review of more than 125,000 pages of documents, propounding and responding to 34 interrogatories, the taking of 16 depositions in various locations across the country (including of the Plaintiff, representatives of Coinbase, former Cryptsy employees, the Cryptsy Receiver, individuals who assisted the Receiver, and experts), and the production and exchange of expert reports.

6. The Parties also engaged in substantial motion practice in the Action, including a motion to compel arbitration (denied by the District Court and affirmed on appeal by the Eleventh Circuit Court of Appeals in *Leidel v. Coinbase*, 729 Fed. Appx. 883 (11th Cir. 2018)), motions to compel, a motion for class certification (which was fully briefed and awaiting decision at the time of this Settlement Agreement), and a motion for summary judgment (which also was fully briefed and awaiting decision at the time of this Settlement Agreement).

7. On September 5, 2019, Class Representative and Defendant attended mediation before Judge Howard Tescher (ret.), which was followed by more than four additional weeks of phone conferences between and among the mediator and counsel, the result of which is the instant proposed Settlement.[1] Judge Tescher also mediated the Cryptsy Case Settlement.

8. The Settlement includes a Common Fund of $962,500.00. According to the terms of the Settlement, Class Members who submitted a valid and approved claim in the Cryptsy Case Settlement will not be required to submit claims in the instant settlement. Such Class Member's claims from the Cryptsy Case will be deemed received and valid in the instant case.

---

[1] The parties reached a settlement in principal on or about October 11, 2019, as noted in Plaintiff's Notice of Settlement. D.E. 139. The parties' completed the negotiation of the final terms and conditions, and related settlement documents, on November 25, 2019.

9. On November 27, 2019, Plaintiff filed his motion for preliminary approval of the Settlement Agreement. D.E. 143.

10. On December 10, 2019, the Court preliminarily approved the Settlement Agreement [D.E. 146] ("Preliminary Approval Order").

11. The Settlement Agreement provides that Class Representative and Coinbase supported the Settlement and that Class Representative and Class Counsel believe, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to Class Members, that the Settlement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the lawsuit. Settlement Agreement D.E. 150-1.

12. The preliminarily certified class was defined to be:

All Cryptsy account owners who held bitcoin, other digital currencies or cryptocurrencies, or any other asset on the Cryptsy platform as of November 1, 2015 to the present. **Excluded** from the Class are: (1) employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families; (2) employees of COINBASE, including its shareholders, officers and directors and members of their immediate families; any judge to whom this action is assigned and the judge's immediate family; (3) persons who timely and validly opt to exclude themselves from the Class; and (4) any person or entity that opened an account at Cryptsy after October 4, 2015, which is the last date on which any of the Cryptsy Defendants used any of the accounts maintained on the Coinbase platform to exchange Bitcoin for U.S. dollars

The Settlement Class Period shall commence on November 1, 2015 and shall continue through the date of the final approval hearing in this action.

("Class Members").

13. The Settlement Fund includes $962,500.00.

14. In exchange for the relief provided by the Settlement, members of the Settlement Class will, according to the terms of the Settlement Agreement, release and discharge Defendant Coinbase from all claims, defenses, obligations, or damages that were or could have been sought in this litigation or that relate, concern, arise from or pertain in any way to Defendant's conduct,

policies, or practices concerning or associating with the Cryptsy Defendants during the Class Period. Settlement Agreement at Section VIII.

15. With regard to the class notice and claim form required by the Settlement Agreement, the Court is informed of the following:

(a) On December 10, 2019, pursuant to 28 U.S.C. §1715, the Claims Administrator, Angeion, caused Notice of this Settlement and related materials ("CAFA Notice") to be sent to the Attorneys General of all U.S. states and territories, as well as the Attorney General of the United States.

(b) On January 13, 2020, Angeion sent the Notice to the Class via email and direct mail.

(c) On January 29, 2020, Angeion implemented a digital internet banner ad campaign which displayed Banner Advertisements on CoinMarketCap.com and MinerGate.com.

(d) On January 13, 2020, Angeion established the following website devoted to this Settlement: www.CoinbaseSettlement.com

(e) On January 13, 2020, Angeion also established a toll-free hotline devoted to this case to further apprise Class Members of the rights and options in the Settlement.

(f) One (1) class members opted out of the Class.

(g) No Class Member Objected.

(h) As of April 7, 2020, Angeion received 2,237 claims from the instant Settlement.

(i) 628 claims from the Cryptsy Case, which were deemed valid and approved in that Cryptsy Case, are included in this case and will be paid in this case pursuant to the terms of the Settlement Agreement.

*See* Declarations of Settlement Administrator at pages of 15-17, and 63-64, of D.E. 150-2.

16. In compliance with the Preliminary Approval Order and the Settlement Agreement, the Claims Administrator, on behalf of Plaintiff and as detailed above, provided notice of the proposed class action settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), to the appropriate state and federal officials.

17. Given the foregoing, Plaintiff Brandon Leidel, stipulated and agreed to the dismissal with prejudice of his claims against Defendant Coinbase, individually and as a class representative, subject to this Court's final approval of the proposed Class Action Settlement.

### III. LEGAL STANDARD

To approve a class action settlement, the trial court must evaluate whether the settlement "is fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). In evaluating whether the settlement is fair and reasonable, the trial court applies the following factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett*, 737 F. 2d at 986.

In conducting the analysis, the trial court "ought not to try the case during the settlement hearing and should be hesitant to substitute his or her judgment for that of counsel." *Allapattah Servs. Inc. v. Exxon Corp.*, No. 91–cv–0986, 2006 WL 1132371, at *19 (S.D. Fla. April 7, 2006) (citing *In re Smith*, 926 F.2d 1027, 1028–29 (11th Cir. 1991)); *Strube v. Am. Equity Inv. Life Ins. Co.,* 226 F.R.D. 688, 697 (M.D. Fla. 2005) (finding that reviewing the fairness of a class action settlement does not require an analysis of the merits of the case).

### IV. THE PROPOSED SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE

The Court has jurisdiction over the subject matter of the lawsuit and over the parties. The Court finds, to the extent not already addressed in the Preliminary Approval Order, that this Class action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3), namely,

1. The Class members are so numerous that joinder of all of them in the lawsuit is impracticable.

2. There are questions of law and fact common to the Class Members.

3. Plaintiff's claims are typical of the Class Members' claims.

4. Plaintiff and Class Counsel will adequately represent the Class.

5. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

The Court also finds that the class notice fully satisfies the requirements of Rule 23(c) and due process.

Further, considering the *Bennett* factors set forth above, the Court finds the settlement is fair, adequate and reasonable and in the best interest of the Class Members, especially in light of the benefits to Class Members of, among other things, the settlement fund is comprised of monies obtained from Defendant Coinbase, which was not the company where the Class Members held their Cryptsy accounts; the settlement is based on an aiding and abetting theory against Defendant Coinbase; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in this Class Action including possible appeals.

**NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:**

1. This judgment (the "Class Judgment") incorporates by reference the Settlement

Agreement filed at D.E. 143-1 as though fully set forth in this Class Judgment and, unless otherwise indicated, capitalized terms in this Class Judgment shall have the meanings attributed to them in the Settlement Agreement.

2. This Court has jurisdiction over all Parties to this Class Action, including all members of the Class, in connection with the subject matter of this Class Action and the Settlement Agreement.

3. The notification provided for and given to the Class complied with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances and fully complied with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process.

4. Excluded from the Class are those proposed Class members who properly excluded themselves by submitting a valid and timely request for exclusion in accordance with the requirements as set forth in the Notice.

5. The proposed Settlement of the Class Action on the terms and conditions set forth in the Settlement Agreement is in all respects fair, reasonable and adequate, in light of the benefits to the Class, the complexity, expense and possible duration of further litigation against Defendant Coinbase, and the risks of establishing liability and damages and the costs of continued litigation. This Court further finds the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Class Representative, the Class and Defendant.

6. The Court finally approves the Settlement Agreement in all respects and finds that the Class Settlement, the Settlement Agreement, and the plan of allocation and distribution as set forth in Section VI of the Agreement are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

7. The Court has considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

8. The Settlement Agreement shall be consummated in accordance with the terms and provisions of that Agreement.

9. Upon entry of the Class Judgment, as set forth more fully in the Settlement Agreement, the Releasing Parties, and each of them, completely and forever release and discharge all Released Claims against the Released Parties. "Released Claims" means any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description, that a Releasing Party has or may have, including assigned claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, latent or patent, contingent or noncontingent, that is, has been, could have been or in the future might be asserted by the Releasing Party either in the Court or any other court or forum, regardless of legal theory, regardless of the source of law (federal, state, local, or international, and whether based upon common law or a statute or ordinance) and regardless of the type of relief or amount of damages claimed, against any of the Released Party, arising from or related to the allegations in the Action, the conduct of the Cryptsy Defendants, or the accounts on the Coinbase platform that were owned or controlled, in whole or in part, by any of the Cryptsy Defendants, and occurring prior to the Effective Date. The Released Claims include, but are not limited to, claims that any Released Party (a) aided and abetted any unlawful conduct of the Cryptsy Defendants; (b) conspired with the Cryptsy Defendants; (c) violated any duty under any source of law or otherwise was negligent in relation to the accounts on the Coinbase platform that were owned or controlled, in whole or in part, by any of the Cryptsy Defendants; or (d) was

unjustly enriched in connection with the accounts on the Coinbase platform that were owned or controlled, in whole or in part, by any of the Cryptsy Defendants.

10. Upon entry of the Class Judgment, Plaintiff, on behalf of himself and the Releasing Parties, expressly waives and releases any and all provisions, rights, and benefits conferred by California Civil Code Section 1542, and by any law of any other jurisdiction, or principle of common law, that is similar, comparable, or equivalent in effect to California Civil Code Section 1542 with respect to the release of claims. California Civil Code Section 1542 provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

In making this wavier of rights, Plaintiff, on his behalf and on behalf of the Releasing Parties, (a) acknowledges that he or they may hereafter discover facts other than or different from those that he and they know and believe to be true with respect to the Released Claims; (b) affirms that he and they have taken that possibility into account in reaching and agreeing to the terms of this Settlement Agreement; and (c) affirms that he and they desire to enter into this Settlement Agreement and to release all Released Claims fully and forever, notwithstanding the potential risk (which he and they expressly assume) that he or they might subsequently discover such different or additional facts.

11. The Released Parties shall be deemed to have fully and forever released, remised, acquitted, and discharged each and every one of the Released Claims against each and every one of the Released Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims.

12. Each Class Member, whether or not such Class Member executes and delivers a Class Proof of Claim, is bound by this Class Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

13. No Class Member shall have against Class Counsel, or Class Representative any claim based on the Settlement Agreement or a distribution made substantially in accordance with the Settlement Agreement, the Plan of Allocation, or further order(s) of the Court.

14. This Class Judgment, and any negotiations, proceedings or agreements relating to the Settlement Agreement, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against Defendant or Class Representatives for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against Defendant as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendant with respect to the truth of any fact alleged by Class Representative and the Class or the validity of any claim that has been or could have been asserted in this Class Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendant;

(b) do not constitute, and shall not be offered or received against Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant, or against Class Representative or any other members of the Class as evidence of any infirmity in the claims of Class Representative or the other members of the Class;

(c) do not constitute, and shall not be offered or received against Defendant or against Class Representative or any other members of the Class, as evidence of a presumption, concession

or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Parties to this Settlement Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

(d) do not constitute, and shall not be construed against Defendant, Class Representative or any other members of the Class, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e) do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Class Representative or any other members of the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Fund Amount.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court. Plaintiff is directed to report to the Court distribution of the Net Settlement Funds to the Settlement Class is complete.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Class Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

17. Without further order of the Court, the Parties may agree to reasonable extensions

of time to carry out any of the provisions of the Settlement Agreement.

19. The Parties are hereby directed to consummate the Settlement Agreement, and the Claims Administrator is hereby directed to perform the Settlement Agreement's remaining terms.

19. Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3), this Court grants Class Counsel's request and makes the following findings of fact and conclusions of law:

(a) the Class Settlement confers substantial benefits on the Settlement Class Members;

(b) the value conferred on the Settlement Class is immediate and readily quantifiable upon this Class Judgment becoming Final (as defined in the Agreement);

(c) Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) the Class Settlement was reached following extensive negotiation between Class Counsel and Class Counsel for Defendant, and was negotiated in good faith and in the absence of collusion;

(f) during the prosecution of the claims in the Litigation, Class Counsel incurred expenses at least in the amount of $44,770.40, which included costs for deposition transcripts, expert witnesses and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

(g) Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award to be paid from the Settlement Fund of attorneys' fees in the amount of 33.33% of the Settlement Fund, plus reimbursement of reasonable costs and expenses incurred in the prosecution of the Litigation;

  (h) counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980);

  (i) the requested fee award is consistent with other fee awards in this Circuit. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirmed class attorneys' award of 33.3%); *Gutter v. E.I. Dupont De Nemours & Co.*, No. 95-2152-CIV-GOLD, 2003 U.S. Dist. LEXIS 27238 (S.D. Fla. May 30, 2003) (33 ⅓%); *Tapken v. Brown*, No. 90-691-CIV-MARCUS, 1992 U.S. Dist. LEXIS 11744 (S.D. Fla. Mar. 13, 1992) (33%);

  20. Accordingly, Class Counsel are hereby awarded as their fee award 33.33% of the Settlement Fund, in the amount of $320,801.25, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Further, Class Counsel are hereby awarded $44,770.40 for their expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

  21. The Class Representative, as identified in the Preliminary Approval Order, are hereby compensated in the amount of $2,500 each for his efforts in this case.

  22. Class Counsel and the Claims Administrator are hereby authorized to distribute, according to the terms of the Settlement Agreement:

  (a) the Net Settlement Fund to the Settlement Class in accordance with the Plan of Allocation set forth in the Settlement Agreement, along with Class Counsel's attorney's fees and

expenses, and the Class Representative Incentive Award, in the amounts set forth in this Order; and

(b) Notice and Claims Administration Expenses to Angeion Group to the extent Angeion Group has submitted invoices and completed the work set forth in such invoices.

23. Without affecting the finality of this Class Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) all Parties for the purpose of construing, enforcing and administering the Settlement and this Class Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Class Judgment, and immediate entry by the Clerk of the Court is expressly directed.

24. The Clerk of Court is directed to CLOSE THIS CASE.

25. All pending motions are hereby DENIED AS MOOT.

**DONE AND ORDERED** in Chambers in West Palm Beach, Palm Beach County, Florida, this 17th day of April, 2020.

KENNETH A. MARRA
United States District Judge

Copies furnished to:
 Counsel of record